THE VILLAGE OF PORT JERVIS, RESPONDENT, *v.* THE FIRST NATIONAL BANK OF PORT JERVIS, APPELLANT.

*Negligence — right of a village to recover from a lot owner what it has been obliged, by a judgment recovered against it therefor, to pay to one injured by his wrongful act— what is a sufficient notice to him of the pendency of the former action against the village.*

The defendant, a national bank, made without authority of law a dangerous excavation in a village sidewalk while erecting a building on its adjoining lot. A Mrs. Hart having been injured by falling into the excavation brought an action against the village and recovered therein a judgment for the damages she had sustained. The president of the bank, who was one of its building committee, was also a member of the board of trustees of the village and one of its street committee. He had knowledge of the action brought against the village, con

sulted with its lawyer about the action and the liability of the bank, and was a witness on the trial in favor of the village. The action against the village was by his direction carried to the Court of Appeals.

In this action, brought by the village against the bank to recover the amount it had been compelled to pay:

*Held*, that the defendant was bound by the judgment recovered by Mrs. Hart, and that the plaintiff was entitled to recover.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought to recover from the defendant the amount the plaintiff had been compelled to pay by way of damages to a Mrs. Hart for personal injuries sustained by her in falling into an excavation in one of the sidewalks of the village. The excavation was an uncovered area left in the sidewalk in front of a building which the defendant had erected and was completing at the time of the accident.

*O. P. Howell*, for the respondent.

*Lewis E. Carr*, for the appellant.

BARNARD, P. J.:

.The defendant would have been liable to Mrs. Hart as a wrong-doer. The bank had without authority of law made a dangerous place in the highway and this lady had fallen into it and been injured. The negligence of the defendant would have had no relevancy, nor her contributory negligence. The act was wrongful and the defendant would have been bound to keep the place safe at all hazards. Mrs. Hart did not sue the creator of the nuisance, but brought her action against the plaintiff. In this case, against the village, the liability was made out by showing that the hole continued so long and was so apparent, that the village was chargeable with negligence as against the traveler in not filling up or otherwise guarding the same. The village was cast in damages for this neglect. The defendant knew of the action; the president of the defendant and its building committee. He was also a member of the board of trustees and one of the committee on streets of the plaintiff. He was a witness upon the trial which Mrs. Hart brought against the village. He consulted with the lawyer of the village about the action and the liability over of the

bank in case Mrs. Hart recovered judgment and was a witness on the trial in favor of the village. He directed the case to go to the Court of Appeals and it was done as he directed. The defendant is bound by that judgment. In *Heiser* v. *Hatch* (86 N. Y., 614, MSS. opinion), the rule is laid down as follows :

" When a person is responsible over to another either by operation of law or express contract, and he is duly notified of the pendency of the suit, he is no longer regarded as ι stranger, because he has the right to appear and defend the action ; and the judgment, if got without fraud or collusion, will be conclusive against him. (*Littleton* v. *Richardson*, 34 N. Y., 187.) The case last cited has the qualification that there is a request to take hold of the defense, but this is not necessary." (*Blasdale* v. *Babcock*, 1 Johns., 517; *Chicago* v. *Robbins*, 2 Black, 418.)

There is no error therefore in the charge of the judge that the bank had notice of the pendency of the Hart action sufficient to bind the bank by the Hart judgment against the plaintiff. (*Holden* v. *N. Y. and Erie Bank*, 72 N. Y., 286.) The liability follows necessarily. The rule has always been that when liability over was by contract, as in cases where a party agreed with the city to guard the obstruction and failed, and the city was held in damages, that the action over was proper. (*City of Brooklyn* v. *Brooklyn City R. R.*, 47 N. Y., 475.)

In *Robbins* v. *Chicago* (4 Wallace, 657), in a very similar case to the present one, the court held that the city was primarily liable, but had an action over against the wrong-doer by operation of law. The Court of Appeals in the *City of Rochester* v. *Montgomery* (72 N. Y., 65), maintained an action by a city against the defendant who had placed an unlawful obstruction in a street or had negligently permitted it to remain there unguarded. The court mentions with approval the case of *Robbins* v. *The City of Chicago*, above cited.

The judgment was, therefore, properly recovered and should be affirmed, with costs.

PRATT, J. concurred.

Present — BARNARD P. J., DYKMAN and PRATT, JJ.

Judgment and order denying new trial affirmed, with costs.