The Village of Port Jervis, Respondent, *v.* The First National Bank of Port Jervis, Appellant.

Where a person has negligently or unlawfully created an obstruction or defect in a street of a municipal corporation, and the latter has been compelled to pay a judgment recovered against it for damages sustained by an individual, caused by such defect, it has an action over against such person.

The liability of the author of the act which created the injury does not depend upon his receiving notice of the action brought by the injured party against the municipality.

An omission to give such notice simply imposes upon the latter the burden of establishing all of the actionable facts ; it does not go to the right of action.

Consent given by a municipal corporation to a citizen to make an excavation in a public street does not vary the rights or liabilities of the parties in respect to such a cause of action where it is based upon the wrongful and negligent manner in which the work was done, not upon its unlawfulness.

Upon receiving a license to make such an excavation, the licensee impliedly agrees to perform the act in such a manner as to protect the public from danger and the municipality from liability.

To charge the person whose act caused the injury with notice of the pendency of the action against the municipality, and so to bind him by the judgment, notice in writing or even express notice is not necessary ; notice may be implied from his knowledge of the pendency of the action and his participation in its defense.

Defendant, with the consent of plaintiff, made an excavation in a sidewalk of one of its streets. In consequence of a failure to properly guard the excavation, H. fell into it and was injured. She brought an action against plaintiff to recover the damages. E., defendant's president, and a member of a committee appointed by it to superintend the work was empowered by its by-laws to call special meetings of its directors and was charged with the duty of directing and controlling its subordinate officers. E. was also one of plaintiff's trustees ; he consulted with plaintiff's attorney with reference to the defense of the suit brought by H., and was informed of the probable liability of the bank in case of a re-

covery. He was also a witness on the trial and directed an appeal. *Held*, that E. was the proper agent of the bank chargeable with the duty of protecting its interests ; that his authority was not limited to the locality where defendant transacted its business, but he could receive notice wherever he might be ; that the facts were sufficient to authorize a finding that defendant had notice of the pendency of said action and an opportunity to defend it ; and that, therefore, defendant was concluded by the judgment therein.

Whenever the law requires notice to be given to a moneyed corporation, it is well served by being communicated to its chief financial officer.

Defendant's counsel, on the trial, moved for a nonsuit on the ground of insufficiency of the notice, which was denied. The court charged that " the uncontradicted evidence proves that the bank did have such notice as to bind them by the judgment ; " this was excepted to, but defendants did not ask to go to the jury on that question. *Held*, that the request should have been made if defendant desired to have the question submitted, and, having neglected this, it could not raise the question on appeal.

Evidence was offered and excluded showing the condition of the barricades around the excavation the day after the accident. *Held*, no error.

(Submitted June 24, 1884 ; decided October 7, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 11, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 31 Hun, 107.)

This action was brought to recover the amount of a judgment which had been recovered against and paid by plaintiff in favor of Helena M. Hart for injuries caused by falling into an excavation made by defendant in the sidewalk of one of plaintiff's streets, adjacent to premises owned by defendant, upon which it was erecting a bank building.

Defendant had a license from plaintiff to make the excavation, but, as was alleged, neglected to surround it with proper guards or barriers.

The further material facts are stated in the opinion.

*S. W. Fullerton* for appellant. To entitle plaintiff to recover it was necessary to prove that defendant had notice of the pendency of the action of *Hart* v. *Village of Port Jervis*, it

having been proved that the trustees of the village had permitted and authorized the excavation to be made in the sidewalk. (*Clifford* v. *Dam*, 81 N. Y. 52; *Dickinson* v. *Mayor*, *etc., of N. Y.*, 64 How. Pr. 257; *City of Lowell* v. *Short*, 4 Cush. 275; *City of Rochester* v. *Montgomery*, 72 N. Y. 65; *City of Troy* v. *T. & L. R. R. Co.*, 79 id. 657; *Heisoo* v. *Hatch*, 86 id. 614; *Robbins* v. *City of Chicago*, 4 Wall. 657; *Lowell* v. *B. & L. R. R. Co.*, 23 Pick. 34; 34 Am. Dec. 33; Laws of 1873, chap. 370, § 51; *Atlantic State B'k* v. *Savery*, 18 Hun, 368; 2 N. Y. 367; *Fulton B'k* v. *N. Y. & S. Canal Co.*, 4 Paige, 136; *National B'k* v. *Norton*, 1 Hill, 572; *Bank of U. S.* v. *Davis*, 2 id. 461; *Miller* v. *Ill. C. R. R. Co.*, 24 Barb. 313; *La Farge F. Ins. Co.* v. *Bell*, 22 id. 54; *Westfield B'k* v. *Cornem*, 37 N. Y. 320.) The court erred in admitting the judgment recovered against the village of Port Jervis by Hart in evidence against the defendant. (*Smith* v. *Smith*, 79 N. Y. 635; *City of Troy* v. *T. & L. R. R. Co.*, id. 657; *Heiser* v. *Hatch*, 86 id. 614; *Robbins* v. *City of Chicago*, 4 Wend. 657; *City of Boston* v. *Worthington*, 10 Gray, 496; *Littleton* v. *Richardson*, 34 N. H. 187; *City of Rochester* v. *Montgomery*, 72 N. Y. 65.) As the evidence, whether the bank had notice by reason of Everitt's knowledge of the pending Hart suit, or whether that knowledge was given to and derived by him merely as a trustee of the village, was conflicting, the question should have been submitted to the jury as a mixed question of law and fact. (*Smith* v. *Coe*, 55 N. Y. 678; *Powell* v. *Powell*, 71 id. 71; *Heyne* v. *Blair*, 62 id. 19; *Claflin* v. *Lenheim*, 66 id. 305.)

*Lewis E. Carr* for respondent. Evidence that there was a barricade across the walk on Sunday afternoon did not prove or tend to prove that it was securely guarded at the close of work on Saturday, a few hours before the accident, and should have been excluded. (*Payne* v. *R. R. Co.*, 9 Hun, 526; *Salters* v. *D. & H. C. Co.*, 3 id. 338; *Dougan* v. *Transportation Co.*, 56 N. Y. 1, 8.) Defendant, having rested its right to nonsuit solely on the ground that there was no sufficient proof of notice

or knowledge of the Hart case, is not in a position now to insist on other grounds for the motion. (*Adams* v. *Ins. Co.*, 70 N. Y. 166, 169; *Tooley* v. *Bacon*, id. 34; *Briggs* v. *Wheeler*, 16 Hun, 583.) A municipal corporation, against which a judgment has been recovered for damages for personal injuries received in consequence of an obstruction of excavation in one of its streets or sidewalks, may recover the loss it has sustained from the one who wrongfully or negligently made the excavation or obstruction. (*Robbins* v. *City of Chicago*, 2 Black, 418; 4 Wall. 657; *City of Rochester* v. *Montgomery*, 72 N. Y. 65; *Lowell* v. *R. R. Co.*, 23 Pick. 24; 34 Am. Dec. 33, 40, note; *City of Lowell* v. *Short*, 4 Cush. 275; *City of Boston* v. *Worthington*, 10 Gray, 497, 500; *Village of Seneca Falls* v. *Zalinski*, 8 Hun, 571, 574, 575.) If there is no license to dig up or obstruct the street or sidewalk the person so doing becomes a guarantor that no harm shall come to one lawfully in the street. (*Clifford* v. *Dam*, 81 N. Y. 52; *Congreve* v. *Smith*, 18 id. 79; *Congreve* v. *Morgan*, id. 84; *Irvine* v. *Wood*, 51 id. 224.) The right of action asserted here may be sustained on the principle of subrogation. (*Conn. F. Ins. Co.* v. *R. R. Co.*, 73 N. Y. 399; *Hull* v. *R. R. Co.*, 13 Wall. 367; *Atlantic Ins. Co.* v. *Storrow*, 5 Paige, 285; *Gould* v. *Central Trust Co.*, 6 Abb. N. C. 381; *People* v. *Schuyler*, 4 N. Y. 173; *Gans* v. *Thieme*, 93 id. 225; *City of Brooklyn* v. *B'klyn C. R. R. Co.*, 47 id. 475, 484, 485.) It was not error to charge the jury that the uncontradicted evidence established that the bank had such notice of the Hart suit as to bind it by the judgment recovered in that action against the village. (*Bates* v. *Stanton*, 1 Duer, 79, 87, 88; *Burr* v. *Bigler*, 16 Abb. Pr. 177, 183; *Smith* v. *Smith*, 79 N. Y. 634; *Castle* v. *Noyes*, 14 id. 329; *Doty* v. *Brown*, 4 id. 71; *Heiser* v. *Hatch*, 86 id. 614; *Requa* v. *City of Rochester*, 45 id. 129; 2 Dill. on Mun. Corp. [2d ed.], § 789 and note; *Todd* v. *City of Troy*, 61 N. Y. 506; *Niver* v. *City of Rochester*, 76 id. 619; *Rheberg* v. *Mayor etc.*, 91 id. 167; *Minor* v. *Clark*, 15 Wend. 425; *McEwen* v. *Ins. Co.*, 5 Hill, 101, 104; *Chicago* v. *Robbins*, 2 Black, 418, 423; *Barney* v. *Dewey*, 13 Johns. 225, 226; *Blosdale* v. *Babcock*, 1 id. 517.)

Officers of corporations are in law agents and hold and occupy agents' relations to them. (*Austin* v. *Daniels*, 4 Denio, 299, 301.) Notice to an agent of matters coming within the scope of his agency is notice to his principal and binds the principal equally with notice to him. (*Weiser* v. *Dennison*, 10 N. Y. 68, 77; *Bank of U. S.* v. *Davis* 2 Hill, 451, 461.) Notice of the Hart suit to an officer of the bank, whose duty it was in his relation to it to communicate the information to the board of directors, or whose general duties as such officer covered matters of that character, was actual notice to the bank for the purpose of this action. (*Bank of U. S.* v. *Davis*, 2 Hill, 451, 461; *National B'k* v. *Norton*, 1 id. 572; *Fulton B'k* v. *Benedict*, 1 Hall [S. C.], 529, o. p. 480; *Fulton B'k* v. *Sharon Coal Co.*, 4 Paige, 127, 137; *Holden* v. *Erie B'k*, 72 N. Y. 286, 292, 293; *New Hope and Bridge Co.* v. *Phenix B'k*, 3 id. 156, 164, 165; *Fishkill Savings Institution* v. *Bostwick*, 19 Hun, 354; 80 N. Y. 162; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 id. 30, 84; *Porter* v. *Rutland*, 19 Vt. 410.) Actual notice was not essential. (*Village of Seneca Falls* v. *Zalinski*, 8 Hun, 571; *Requa* v. *City of Rochester*, 45 N. Y. 129; *Weed* v. *Ballston Spa*, 76 id. 329, 333, 335; *Holbrook* v. *Mix*, 1 E. D. Smith, 154; *Williamson* v. *Brown*, 15 N. Y. 354; *Dunn* v. *Hornbeck*, 72 id. 80, 89.) The notice to Everitt and the part he took in the Hart suit was sufficient to put him on inquiry as an official of the bank as to its liability. (*Vosburg* v. *R. R. Co.*, 94 N. Y. 374, 379; *Fish* v. *Davis*, 62 Barb. 122; *Robinson* v. *McManus*, 4 Lans. 380; *Baulec* v. *R. R. Co.*, 59 N. Y. 356; *Sanborn* v. *Lefferts*, 58 id. 179, 183; *Lomer* v. *Meeker*, 25 id. 451; *Dickerson* v. *Wasson*, 48 Barb. 412, 413; *Davis* v. *R. R. Co.*, 41 Sup. Ct. 31; *Seibert* v. *R. R. Co.*, 49 Barb. 583; *Culhane* v. *R. R. Co.*, 60 N. Y. 133, 137; *McKeever* v. *R. R. Co.*, 86 id. 667.) In requesting the court to dispose of the question of notice as one of law the bank waived the right to have that question submitted to the jury. (*Winchell* v. *Hicks*, 18 N. Y. 558, 565; *O'Neil* v. *James*, 43 id. 84, 93; *Mallory* v. *Tioga R. R. Co.*, 5 Abb. [N. S.] 420, 424; *Ormes* v. *Dauchy*, 82 N. Y. 443, 448, 449; *Hagaman* v. *Burr*, 41 Sup. Ct. 423.) It was

not the right of the bank, whether it had notice of the former suit or not, to litigate the question of damages to the plaintiff in the former suit. (*City of Brooklyn* v. *R. R. Co.*, 47 N. Y. 475; *DeLeon* v. *Echeverria*, 45 Sup. Ct. 240; *Matthews* v. *Meyberg*, 63 N. Y. 656; *Howell* v. *Mills*, 56 id. 226.) The bank was responsible for this excavation and it is no answer to the claim of the village that the erection of the building had been let to a contractor. (*Ryder* v. *Thomas*, 13 Hun, 296; *Water Co.* v. *Ware*, 16 Wall. 566, 576; *Chicago* v. *Robbins*, 2 Black, 418; 4 Wall. 679; *McCafferty* v. *R. R. Co.*, 61 N. Y. 171, 181, 182; *Stows* v. *City of Utica*, 17 id. 104.)

RUGER, Ch. J. The appellant states four grounds of objection to the judgment in this action, and they will be noticed in the order in which they are raised.

The first proposition is that the plaintiff should have been nonsuited, because of its omission to notify the defendant of the prior action of *Hart* v. *Village of Port Jervis*, such notice being claimed to be a condition precedent to a recovery in this action, for the reason that the plaintiff had authorized the defendant to make the excavation which caused the injury for which Hart recovered damages, and also because the notice claimed to have been given was insufficient.

It is well settled that a municipal corporation which has been compelled to pay a judgment recovered against it for damages sustained by an individual through an obstruction, defect or excavation in the sidewalk or street of such corporation, has an action over against the person who negligently or unlawfully created the defect which causes the injury. (*City of Rochester* v. *Montgomery*, 72 N. Y. 67, and cases there cited.)

This liability grows out of the affirmative act of the defendant and renders him liable not only to the party injured, but also mediately liable to any party who has been damnified by his neglect. Liability in such a case is predicated upon the negligent character of the act which caused the injury and the general principle of law which makes a party responsible for the

consequences of his own wrongful conduct. (*Clark* v. *Fry*, 8 Ohio St. 359 ; *Ellis* v. *Sheffield Gas Co.*, 75 Eng. C. L. 767.)

The liability of the author of the act which occasions the injury does not depend upon the fact of his receiving notice of the action brought by the injured party against the municipality, which, under the law, is also liable for the damages occasioned by its neglect of duty in keeping its streets and sidewalks in repair, but rests upon his original liability to all persons who may have suffered damages from his affirmative act of negligence. (*Chicago City* v. *Robbins*, 2 Black, 423.) The only object of notice in such a case is to enable the corporation to avail itself of its right to impose the burden of defense upon the party ultimately liable, and to estop the author of the injury by the judgment recovered, from again contesting the facts upon which such judgment depends.

The omission to give notice in such case does not go to the right of action, but simply changes the burden of proof, and imposes upon the party against whom the judgment was recovered the necessity of again litigating and establishing all of the actionable facts. (*Aberdeen* v. *Blackmar*, 6 Hill, 324; *Bridgeport Ins. Co.* v. *Wilson*, 34 N. Y. 281; *Binsse* v. *Wood*, 37 id. 530.)

But if the party who is ultimately responsible has notice of the pendency of an action against his indemnitee and is given an opportunity to defend, and neglects it, he is still bound by the result of the action and estopped from controverting in an action subsequently brought against him by such indemnitee, the facts which were litigated in the original action.

Consent given by a corporation to a citizen to make an excavation in a public street does not vary the rights or liabilities of the parties in respect to such a cause of action when it is based upon the wrongful and negligent manner on which the act was done, and not upon its unlawfulness. (*Mairs et al.* v. *Manhattan Real Estate Association*, 89 N. Y. 503.)

Consent by a municipal corporation to a person to do a lawful act merely permits it to be done in a careful, prudent and lawful manner, and when it is performed in any other manner

and injury to third persons ensues, the author of the injury is liable therefor.

Upon receiving a license from the body authorized to grant it to dig in a street, the licensee impliedly agrees to perform the act in such a manner as to save the public from danger and the municipality from liability. (*Village of Seneca Falls* v. *Zalinski*, 8 Hun, 571; *City of Chicago* v. *Robbins, supra;* *Congreve* v. *Morgan*, 18 N. Y. 84; *Newton* .v. *Ellis*, 85 Eng. C. L. 123.)

It was also said that the evidence was insufficient to establish notice of the pendency of the former action. While this point is not important upon the question of the motion for a nonsuit it is material as affecting the admissibility and effect to be given to the former judgment as against the defendant in this action, and may properly be here considered.

In all cases where one stands in the position of indemnitor to others who are also immediately liable to a third party, his liability may be fixed and determined in the action brought against his indemnitee by notice of the pendency of such action, and an opportunity afforded him to defend it. (*Aberdeen* v. *Blackmar, supra;* *Robbins* v. *Chicago City, supra;* *Chicago City* v. *Robbins, supra.*) In such case it has been held that it is unnecessary that he should have notice in writing, or even express notice, but that notice may be implied from his knowledge of the pendency of the action, and his participation in its defense. (*Barney* v. *Dewey*, 13 Johns. 226; *Beers* v. *Pinney*, 12 Wend. 309; *Heiser* v. *Hatch*, 86 N. Y. 614.)

If he has notice of the pendency of the action, and of the intention of the defendant therein to look to him for indemnity in case of a recovery, and is not denied an opportunity to defend, he is bound by the result of such action. (*City of Rochester* v. *Montgomery, supra;* *Heiser* v. *Hatch, supra;* *Robbins* v. *City of Chicago, supra.*) In the latter case it was said by Justice CLIFFORD, that "persons notified of the pendency of a suit in which they are directly interested must exercise reasonable diligence in protecting their interests, and if, instead of doing so, they willfully shut their eyes to the means of knowledge which they know are at hand to enable them to act

efficiently, they cannot subsequently be allowed to turn around and evade the consequences which their own conduct and negligence have superinduced. "

It was shown in this case that one Everett was the president of the bank, and was also a trustee of the village as well as a member of a committee of the defendant authorized to contract for and superintend the construction of the bank building ; that he consulted with the attorney for the village with reference to the defense of the Hart case, and was informed of the probable liability of the bank to the village in case of a recovery by Hart in that action. He was a witness on that trial, and directed an appeal which was taken from the judgment recovered therein against the village. There can be no question but that the president was the proper agent of the bank, and chargeable with the duty of taking such measures for the protection of its interests as necessity or prudence required. He was empowered through its by-laws to call special meetings of its directors when, in his opinion the interest of the defendant required it, and was specially charged with the duty of controlling and directing the conduct of its subordinate officers, and of communicating to the board of directors all such information as he might think of sufficient importance to impart. He was held out by the corporation as the natural and official head of the institution, and from necessity, as well as delegated authority, was the channel through which the corporation received from and communicated to third persons information and notice requiring corporate action. His authority was not limited to the locality where the defendant transacted business, but wherever he might be, he was subject to receive notice on behalf of the bank, and it then became his duty to communicate the information received by him to the board of directors, if circumstances required it.

Whenever the law requires notice to be given to a moneyed corporation, it is well served by being communicated to its chief financial officer (*New Hope & Del. Bridge Co.* v. *Phenix Bank*, 3 N. Y. 166), and when his agency is of a continuous character, and the duty rests upon him to communicate

information acquired by him to his principal, his knowledge, however and wherever acquired, becomes the knowledge of his principal, and it is bound thereby. (*Holden* v. *N. Y. & E. Bank*, 72 N. Y. 286; *Fulton Bank* v. *N. Y. & S. Canal Co.*, 4 Paige, 127.)

A corporation can acquire knowledge or receive notice only through its agents, and if they should be thus debarred from receiving it, it would be deprived of an essential and important function of its corporate existence.

Numerous cases are cited by the appellant to the effect that knowledge acquired by a director of a corporation when engaged in business transactions outside of his official duty, is not chargeable to the corporation of which he is a director, as its knowledge. These cases obviously have no application to the facts of this case. A director of a corporation is an agent with limited powers, and has no original and independent capacity to represent or act for the corporation of whose governing body he is a mere factor. He may, of course, be delegated by the corporation to act for it in any special transaction, or may even be given general authority to act as its agent; but in the absence of such special authority, he can act for his principal only as a member of its board of directors in conjunction with his associates. (*Nat. Bank* v. *Norton*, 1 Hill, 572; *Fulton Bank* v. *N. Y. & S. Canal Co.*, *supra*.)

We cannot doubt that within the authorities cited the evidence in this case was sufficient to authorize the jury to find that the defendant had notice of the pendency of the original action, and an opportunity to defend it if it had so desired. This being the case, it was barred by the result of that action, and the judgment-roll therein was conclusive evidence in this case of all facts litigated on the trial of that action. (*City of Rochester* v. *Montgomery*, *supra*; *Lovejoy* v. *Murray*, 3 Wall. 18.)

The point taken that the court erred in admitting the judgment-roll in the action of *Hart* v. *The Village of Port Jervis* is therefore not sustainable.

Another point in connection with the evidence of notice to

the defendant was also taken which may conveniently be disposed of here. The defendant excepted to that portion of the charge of the court wherein the jury was instructed that "the uncontradicted evidence ·proves that the bank did have such notice as to bind them by the judgment recovered by Helena M. Hart against the village of Port Jervis." The facts from which notice to the bank is implied in this case were those which have been stated, and were practically undisputed. It is true that Mr. Everett testified with reference to the testimony given by the attorney for the village, that he informed the bank president that the village had the right to look to the defendant for indemnity in case it was defeated in the Hart action, that he did· not recollect the conversation. This evidence hardly presented such a conflict as rendered it necessary for a jury to pass upon it; but we consider it unnecessary to decide that question, since there is another sufficient reason for holding the exception unavailing.

The court had, in declining the motion for a nonsuit, which was based upon the insufficiency of proof of notice, held that the evidence was sufficient to entitle the plaintiff to go to the jury. The defendant did not after that ask to go to the jury on that question. If the defendant's counsel desired that the question of fact involved should have been submitted, he should have so requested the court. Having neglected to take the point when opportunity presented itself, he has no right now to raise it. (*Ormes* v. *Dauchy*, 82 N. Y. 443.) The question presented by the exception to the charge is the same in character as that raised on the motion for a nonsuit, and required, as was probably intended, the consideration merely of the legal sufficiency of the evidence of notice. We have considered and approved of the disposition of that proposition by the court below.

The only remaining question is that raised by the exception taken to the ruling of the court excluding evidence to show the condition of the barricades around the excavation on the day after the accident occurred. Under the circumstances of the case this evidence had no tendency to show the condition

of the barricades upon the preceding day, and was, therefore, properly excluded by the court.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.