### EVARTS v. WOODS et al.

*(Supreme Court, General Term, Second Department. July 2, 1889.)*

PARTITION—LIENS—EQUITY.

Plaintiff was an heir of his deceased mother, and sued the other heirs for partition or sale of her land, making parties certain creditors having liens thereon by mortgage and judgment. It appeared that the debts for which the liens were created were equitably the debts of plaintiff. *Held* that, while plaintiff's co-heirs could not themselves sue to enforce these liens against his share of the land, having sued in equity for his share the court would subject it to the payment of the liens on the principle that "he who seeks equity must do equity."

Appeal from judgment on report of referee.

Jane Evarts died intestate seised of land in the city of Brooklyn. She left heirs, of whom plaintiff, Charles M. Evarts, her son, was one, the others being made defendants herein. This suit is to partition the land, and also to require the payment of two debts out of the land, one being a mortgage of the same land for $3,000 due to defendant Jenks, executed by Mrs. Evarts, and the other a judgment recovered by one John McArdle against Mrs. Evarts for $329. Defendants resisted the payment of these debts out of the proceeds of the land because the mortgage was made to obtain money for plaintiff's accommodation, and that he promised to pay it. They also alleged that the judgment was for the damages occasioned by plaintiff to the lot of McArdle, while excavating on an adjoining lot on which plaintiff built a factory. At the time the injury was done the title to the lot was in Mrs. Evarts, but plaintiff in fact owned the lot and caused the injury. Afterwards Mrs. Evarts conveyed the lot to him. All these facts were found by the referee, who was of opinion that defendants could not insist on a sale of plaintiff's interest in

the land to pay the debts in this action, and directed the usual judgment of partition, which, being entered, defendants appeal.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*Geo. Wilcox*, for appellants.     *Ira Leo Bamberger*, for respondent.

BARNARD, P. J.   The plaintiff, as between him and his deceased mother, ought to pay the mortgage held by the defendant Jenks.   The mortgage was given to obtain a loan for the plaintiff, and upon his agreement with his mother "that he would pay the principal of the said mortgage, and the interest thereon."   The plaintiff has now applied to partition or sell the land covered by the mortgage, and to divide the proceeds between his brother and sisters. The plaintiff should pay his debt in this action so far as his share in the land will do so.   This is equity and justice, and there must be some controlling reason for an equal division of the proceeds, and thus to make all the heirs pay the plaintiff's debt.   The only one assigned is that no individual brother or sister can assert a claim that plaintiff should pay his own debt.   It is true that none of them can bring an action against the plaintiff to enforce the payment of this mortgage by plaintiff as he agreed to do.   This is no reason why a court of equity should decree a sale of land at the plaintiff's instance, and divide the moneys unjustly.   The plaintiff, to obtain equity, must do equity. The probability that the administrator of his mother may sue the plaintiff to recover this sum to pay debts ought not to be considered.   He makes the probability by his default, and the property of his brother and sisters should.not be applied to pay his debt because he has failed to pay it himself.   The judgment, also, should be paid out of the plaintiff's share.   The plaintiff's neglect was the basis of the judgment.   The plaintiff unskillfully made an excavation in building a factory in August, 1882.   The title to the lot then stood in the name of plaintiff's mother.   In October, 1882, the plaintiff took the title in his own name from her.   If Mrs. Evarts merely held the title for the plaintiff, the plaintiff ought to pay the judgment as between him and.his mother.   If she is to be deemed the owner, a judgment against her for her son's negligence creates a good ground of recovery by her against the plaintiff.   *Village of Port Jervis* v. *Bank*, 96 N. Y. 550; *City of Rochester* v. *Montgomery*, 72 N. Y. 67.   The judgment should therefore be reversed, and a new trial granted at spring term, with costs to abide event.   All concur.