The Employers' Liability Assurance Corporation, Limited, of London England, Subrogated to the Rights of Hegeman-Harris Co., Inc., Appellant, v. Post & McCord, Inc., Respondent.

First Department, February 7, 1941.

*Bertrand L. Pettigrew* of counsel [*Pettigrew & Glenney*, attorneys], for the appellant.

*Joseph A. Barrett* of counsel [*Carl Rood* with him on the brief; *Haaren & Barrett*, attorneys], for the respondent.

MARTIN, P. J.  The plaintiff seeks by this action to recover one-half of the amount of a judgment obtained by one Antonio Graziano in an action for personal injuries against the plaintiff's subrogor and the defendant.  The complaint sets forth two causes of action, one on an alleged contract of indemnity and the other on the theory of primary and secondary liability, the claim being that the defendant was an active tort feasor.

It appears that, under date of March 16, 1931, the defendant undertook to furnish, erect and complete structural steel work for the development now known as Rockefeller Center.  The agreement recites that it is between " Todd, Robertson, Todd Engineering Corporation  *  *  *  and Todd & Brown, Inc.,  *  *  * herein called the ' Managers ' (acting as joint agents for the Owner, Metropolitan Square Corporation  *  *  *), and Post & McCord, Inc.,  *  *  *  herein called the ' Contractor.' "

Among others, the agreement contains the following provisions:

" 7.  *  *  *  The Owner and the Managers also reserve the right, in their uncontrolled discretion, to award general contracts for the construction of any or all of the buildings and improvements to be included in the Development, to one or more general contractors, and, in such event, the Contractor shall perform this Agreement as though such general contractor or contractors were named in this Agreement in place of the Managers,  *  *  *.

" 10. This Agreement shall be performed by the Contractor, in all respects, in strict conformity with the law.  The ' law ' shall include all laws, rules, regulations, requirements or ordinances

of Federal, State, county, city and bureau authorities, of the National Board of Fire Underwriters and of the New York Fire Insurance Exchange now in force or hereafter enacted. * * *.

" 15. The Contractor shall take usual and proper precautions to prevent accidents or damage to persons and property on, about or adjacent to the premises, and shall erect and keep in place at all times all usual, proper, necessary and required danger signs and safeguards and give full instructions to its employees to prevent damage or injury to or by them or others or to property on or about the hod hoists, well holes, elevator shafts, scaffolding, window openings, stairways, sidewalks, courts, skylights and all other parts of the premises. The Contractor will indemnify the Owner and the Managers against all claims, suits, damages and judgments to which the Owner and/or the Managers may be subjected or suffer by reason of any injury to person or property resulting from negligence or carelessness on the part of the Contractor, its employees, or permitted sub-contractors in the performance of this Agreement."

Under date of October 15, 1931, the plaintiff's subrogor, Hegeman-Harris Co., Inc., entered into an agreement with the owner named in defendant's agreement dated March 16, 1931. Hegeman-Harris Co., Inc., undertook to supervise, direct and manage the construction and erection of the building here involved. Although Hegeman-Harris Co., Inc., is described as the contractor, it was not the contractor in the generally accepted sense on a construction job, for it was specifically provided that Hegeman-Harris Co., Inc., was not to undertake or engage in any part of the physical construction or erection of the building or to supply any of its own materials or labor. Its duties were specifically managerial and supervisory.

During the course of the construction work, on August 22, 1932, Antonio Graziano, an employee of a subcontractor doing cement work, was working at about the thirty-seventh floor in an open shaft in which air ducts were being installed. He was injured by a piece of iron, described as a " pin," which fell from one of the floors above, where the steel work was in progress. Graziano instituted an action against Hegeman-Harris Co., Inc., and Post & McCord, Inc., to recover damages for the injuries sustained by him. In his complaint the charge of negligence against Hegeman-Harris Co., Inc., was alleged as follows:

" *Ninth.* That on or about the said day, at the said time, the defendant Hegeman-Harris Co., Inc., its agents, servants and/or employees, failed and neglected to provide a screen tarpaulin, guard, scaffolding or other protection to prevent objects from

falling and striking persons lawfully on said premises and in particular this plaintiff.  *  *  *.

" *Fourteenth.* That the said injury to the plaintiff was caused by reason of the negligence, carelessness and recklessness and violation of law, rules, ordinances and regulations applicable to the erection of buildings in the City of New York, of the defendant Hegeman-Harris Co., Inc., as aforesaid and otherwise and without any fault on the part of the plaintiff."

Similar charges of negligence were made against Post & McCord, Inc., and, in addition, that defendant was charged with negligently permitting the piece of metal to fall.

An examination of the record in the Graziano case leaves no doubt, and, in fact, the defendant here, in effect, concedes, that the negligence for which Hegeman-Harris Co., Inc., was held liable was its failure to comply with the statutory duty of covering the place where Graziano was working. This liability was imposed on the theory that Hegeman-Harris Co., Inc., was a general contractor.

By its agreement with the owner the defendant obligated itself to carry out its contract in conformity with all laws, rules, regulations, requirements, and ordinances of the Federal, State, county, city, and bureau authorities, which included the provisions of the Labor Law and the Building Code requiring the planking over of floors. Had defendant carried out its obligation to comply with the provisions of law calling for the planking over of the floors, Graziano would not have been injured. As indicated in *American Employers' Ins. Co.* v. *Brandt Masonry Corp.* (252 App. Div. 506), defendant is liable for this breach of its contract as it would be for the violation of any of the other provisions thereof.

The defendant agreed, in paragraph 15 of its contract, to indemnify the owner and managers against all claims, suits, damages and judgments resulting from defendant's negligence. The owner's contract with the defendant reserved the right to the owner to name a general contractor. Under the language of paragraph 7 of that agreement, quoted above, when the owner contracted with Hegeman-Harris Co., Inc., the latter became entitled to all the rights and benefits accruing to the managers with the same force and effect as though Hegeman-Harris Co., Inc., had been literally named as manager throughout the defendant's agreement.

We are of the opinion that the situation before us comes within the principle laid down in *Dudar* v. *Milef Realty Corporation* (258 N. Y. 415). There the defendant Milef Realty Corporation constructed a building on land owned by it and it made contracts with various parties for the work involved. The defendant

McNally, Inc., had contracted for the erection of brick walls and its contract provided, among other things: " Should any person, or persons, or property be damaged or injured by the Contractor, or by any person, or persons, employed under him, in the course of the performance by him of this agreement or otherwise, whether by negligence or otherwise, said Contractor shall alone be liable, responsible and answerable therefor and does hereby agree to and with the said Owner to hold harmless and indemnify the Owner, of and from all claims, suits, actions, costs, counsel fees, expenses, damages, judgment or decrees by reason thereof."

Dudar, an employee of a contractor erecting fireproof arches, was injured as a result of the negligent operation of a hod-hoist by McNally, Inc. Dudar recovered judgment against both the owner and McNally, Inc. In holding that McNally, Inc., was liable to the owner for the claim made against it, the Court of Appeals said:

" Here liability of the defendant owner and general contractor arises from its failure to protect the plaintiff adequately from the danger which might reasonably be apprehended from the operation of the hod hoist. It did not participate in the negligent operation of the hoist. Its own negligence was, at most, passive in failing to take more precautions against such operation. In the absence of a contractual obligation by the operator of the hod hoist, assuming sole responsibility for the results of its own negligence, the question of ultimate liability as between the two defendants might be debatable. (Cf. *Wanamaker* v. *Otis Elevator Co.*, 228 N. Y. 192; *Scott* v. *Curtis*, 195 N. Y. 424; *Village of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 550.) Here the contractor did by express agreement assume such responsibility.

" The contractor's contractual obligation was obviously intended to relieve the owner from liability for injury suffered by any person ' in the course of the performance ' of work by the contractor. The owner was not exposed to such liability in the first instance, unless failure, on its part, in some duty owed to the injured party contributed to the injury. A construction of the contractor's obligation which would exclude from its scope all injuries in which the contractor failed in some duty owed would entirely defeat the purpose of the obligation and render the obligation illusory. It is irrelevant that the owner obtained further protection from a policy insuring it against damages resulting from its own negligence. It might choose to do so if not satisfied that it was sufficiently protected by the agreements made by its contractors. Those agreements may not provide indemnity in all cases. Enough that the contractor's obligation plainly covers injuries caused by

the contractor's negligence in which the owner did not participate, and where the owner's negligence, if any, was only passive and in the performance of a duty owed not to the contractor but to the injured party. We do not now decide whether it might extend further."

The record in the Graziano case discloses that Hegeman-Harris Co., Inc., was guilty only of passive negligence which has been defined as the failure to do something that should have been done. (*English* v. *Miller*, [Tex. Civ. App.] 33 S. W. [2d] 477.) The passive negligence of Hegeman-Harris Co., Inc., consisted of its failure to carry out the statutory duty of planking over the floor above the place where Graziano was working.

It is urged by the defendant that the contract is not to be read as indemnifying the owner and its managers against its own negligence, and our attention is directed to the holding in *Thompson-Starrett Co.* v. *Otis Elevator Co.* (271 N. Y. 36). We believe that what was said in that case is not applicable here as the factual situation there readily distinguishes the case from the one before us. There it appeared that the injuries were caused by the fall of a piece of iron which belonged to Thompson-Starrett Co., Inc., the general contractor, and which was to be used for the framework of the building. The injuries were caused by the affirmative negligence of Thompson-Starrett Co., Inc., which was not embraced in the indemnity clause of the contract.

The judgment appealed from should be reversed, with costs, and judgment directed for the plaintiff as prayed for in the complaint, with costs.

Townley and Untermyer, JJ., concur; O'Malley and Glennon, JJ., dissent and vote to affirm.

Glennon, J. (dissenting). The Graziano action, which was unanimously affirmed by the Appellate Division, Second Department (241 App. Div. 682), was submitted to the jury, by the trial justice presiding, upon the theory that it was the duty of the general contractor, Hegeman-Harris Co., Inc., to cover over the air duct opening through which the pin or bolt fell and caused injury to Graziano. In fact the court, in that case, declined to charge the following request which was made by the attorney for Hegeman-Harris Co., Inc.: " Mr. Pettigrew: I ask your Honor to charge upon the evidence in this case no duty arose upon the part of defendant Hegeman-Harris Company, Incorporated, to plank or otherwise cover over the shaft in which the plaintiff received his injury, so as to protect the plaintiff from falling objects."

The negligence charged against Post & McCord, Inc., was the dropping of the pin or bolt by one of its employees. The court in its main charge said in part:

" Also, you may find the defendant Post & McCord, Inc. guilty of negligence if you determine that their employee failed to use that degree of care that an ordinarily prudent person would have used in allowing the bolt to fall, knowing that persons working below might be injured thereby.

" You may find from the evidence that the two acts of alleged negligence by these defendants operated at the same time to produce the result which might be produced by either. In such case they are concurrent causes, each is a proximate cause of the injury and both defendants may be held liable."

It well might be argued from the record in the Graziano case that Hegeman-Harris Co., Inc., was found guilty by the jury of something more than mere passive negligence, when it permitted Graziano who was employed by a subcontractor to work in a place which might be considered in the nature of a trap. If, of course, Hegeman-Harris Co., Inc., was guilty of active negligence, no recovery over could be had against Post & McCord, Inc., even though there were a valid indemnity agreement between those parties. (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36.)

The defendant was engaged to do only the steel work in the building where the accident occurred. The contract which it entered into with the managers, who acted as joint agents for the owner, provided, among other things, in paragraph 7 as follows: " The Owner and the Managers also reserve the right, in their uncontrolled discretion, to award general contracts for the construction of any or all of the buildings and improvements to be included in the Development, to one or more general contractors, and, in such event, the Contractor shall perform this Agreement as though such general contractor or contractors were named in this Agreement in place of the Managers * * *."

However, that part of the sentence which is quoted in the majority opinion should be read in conjunction with the words which preceded it and also the words which follow. It seems to me that the purpose was, in the main, to compel Post & McCord, Inc., to carry out its agreement to construct the steel work, regardless of the person or persons who were placed in charge, without making a " claim for additional compensation or extension of time for the performance of this agreement * * *." This is made clear when the balance of the paragraph, after the word " Managers " is quoted. The sentence reads on: " except that payment to the Contractor hereunder at the unit prices herein specified and in the manner and under the conditions herein provided will be made direct by the Owner after the tonnage of the steel for each building and improvement shall have been approved in writing by such general contractor and by the Engineer.'"

The tenth paragraph manifestly has no relation whatever to the fifteenth paragraph which apparently is the basis of the reversal. It simply provided that Post & McCord, Inc., would carry out its agreement to construct the steel work in strict conformity with the law. The contract now under consideration covers thirty-three pages of the record. Paragraph seven appears at page 455 and paragraph ten, two pages thereafter.

Before considering the provisions of paragraph fifteen which appears on page 461 of the record, it might be well to note that the Hegeman-Harris Co., Inc., contract with the managers, who were acting as joint agents for the owner, was not entered into until October 15, 1931, about six months after the Post & McCord, Inc., contract was executed. A cursory reading of the fifteenth paragraph of the agreement between Post & McCord, Inc., and the managers will indicate that the contractor, Post & McCord, Inc., simply agreed to indemnify the " Owner and the Managers against all claims, suits, damages and judgments to which the Owner and /or the Managers may be subjected or suffer by reason of any injury to person or property resulting from negligence or carelessness on the part of the Contractor, its employees or permitted subcontractors in the performance of this Agreement."

The purpose of the indemnity agreement was to secure the owner and managers against loss which might result from negligence on the part of Post & McCord, Inc. Had the parties by that paragraph intended to indemnify either a general contractor such as Hegeman-Harris Co., Inc., or other contractors who played a part in the construction of the building, words to that effect should have been written clearly into the indemnity provision. That there was no such intention is apparent when a study is made of the contract which Hegeman-Harris Co., Inc., entered into with the owner and managers. No reference can be found in that contract to the indemnity agreement which Post & McCord, Inc., had given to the owner and the managers. This court should not write something in the agreement in order to fix liability upon the defendant, Post & McCord, Inc., which apparently neither the owner and the managers on the one hand nor this defendant on the other ever intended.

The judgment in all respects should be affirmed.

O'MALLEY, J., concurs.

Judgment reversed, with costs, and judgment directed for the plaintiff as prayed for in the complaint, with costs. Settle order on notice.