LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Conservator of Property and Assets of UNION INDEMNITY COMPANY in the State of New York, Appellant, *v.* KRAUS & SILVERMAN, INC., Respondent.

First Department, June 18, 1941.

*Clarence E. Mellen,* for the appellant.

*James J. McLoughlin* of counsel [*Francis J. McLoughlin* with him on the brief; *John J. Kirwan,* attorney], for the respondent.

DORE, J. The relevant facts are stated in the dissenting opinion and need not be restated.

At the close of the whole case on this trial both sides moved for direction of a verdict, plaintiff reserving the right to go to the jury only " on any questions of fact which the court holds are presented by the evidence." Plaintiff expressly concedes that Kraus & Silverman, Inc., the carpenter subcontractor, had no obligation to plank over the shaft. It is established without contradiction in this record that the carpenter performed its contract in erecting the barriers, and that at the time of the accident it was impossible for the carpenter to maintain the barriers in the midst of the stripping work.

In that state of facts, if the jury found a verdict for plaintiff, it would have to be set aside as against the weight of the evidence. Under section 457-a of the Civil Practice Act, the judge may direct a verdict when he would set aside a contrary verdict as against the weight of the evidence. Plaintiff had the burden of proof and full opportunity to adduce evidence to show it was the intention of the parties that Kraus & Silverman was at all times continuously obliged to keep the barriers erected.

On this trial plaintiff offered in evidence the record of the former trial. It is true the issue of intention between these parties was not litigated on that trial and not adjudicated by the prior judgment. But on the trial under review it was litigated, and the general contractor (plaintiff) adduced no testimony whatever to show that under the contract it was defendant's duty to replace the barriers however they might have been removed. As the contract for this building referred to the contract for a prior building to show what items were required, neither the jury nor the court merely by the terms of this contract could ascertain the intention of the parties. To do that witnesses were necessary to testify to facts from which inferences as to that intention could be drawn. Plaintiff preferred to call none.

*American Employers' Ins. Co.* v. *Brandt Masonry Corp.* (252 App. Div. 506) is not applicable. There the complaint was dismissed at the close of the plaintiff's case and the rule applied that all favorable inferences must be drawn in favor of plaintiff's case.

Here, plaintiff adduced no evidence on the narrow issue of intention that is now before us, except the prior record which does not meet that issue and the ambiguous contract which does not explain itself. Defendant produced five witnesses, three of them disinterested. Plaintiff offered no rebuttal. Why should plaintiff get a second trial to do that which it had ample opportunity to do on this trial? The witnesses have now testified on three trials. It is unlikely that plaintiff can ever get any different testimony on a fourth trial.

This opinion does not, as is contended, give effect to the same evidence offered by this plaintiff when it was the defendant in the earlier action to the effect that it had maintained the barriers to the extent possible. As against the employee plaintiff in the prior action this plaintiff (there the defendant) as general contractor was under a non-delegable duty to maintain the barriers and that issue was decided by the jury adversely to it, but that verdict did not determine the narrower issue of liability as between the plaintiff in this action and this defendant, the plaintiff's subcontractor.

If the theory of the dissenting opinion is carried to its logical conclusion, instead of a new trial judgment should be given in the plaintiff's favor. That opinion concedes, however, that there is an issue of fact that was not litigated on the earlier action and requires a new trial. We say it was litigated on this trial and plaintiff herein failed to adduce testimony although the opportunity was afforded to show that as between these parties it was defendant's duty at the time of the accident to replace the barriers however they might have been removed.

The judgment appealed from should be affirmed, with costs.

Martin, P. J., and Cohn, J., concur; Untermyer and Callahan, JJ., dissent.

Untermyer, J. (dissenting). The Church Engineering Corporation, to which for convenience we will refer as the plaintiff, was engaged as general contractor in the construction of a sixteen-story building at Ninety-sixth street and Central Park West, New York city. It had retained only the supervision over the construction, having delegated all the work to various subcontractors, including the defendant who was the carpentry contractor. The defendant's contract provided that it " agrees to provide all the materials and perform all the work for the carpentry work, including all items as furnished and installed at premises No. 309 West 57th Street, New York City." The scope of the work as thus defined requires reference to the earlier contract between the same parties for

carpentry work at the premises 309 West Fifty-seventh street. As to this the defendant's president testified: " Q. You also did the carpentry work prior to November 1st, 1928, at 309 West 57th Street, under a contract with the Church Engineering Corporation, did you not? A. Yes. Q. And in the construction of that building did you provide the material for and construct and maintain guards or guardrails around the floor openings in the building during the course of construction? A. We did." He also testified: " Q. And under the contract between your company and Church Engineering Corporation it was understood between you and the Church Engineering Corporation, was it not, that during the course of construction your company was to supply the material for, construct and maintain guards for all floor openings in the building during the course of construction, until completion of the building? A. Yes." Referring to the particular opening with which this action is concerned, he testified: " Q. Under the contract between your company and the Church Engineering Company, that opening that I have just described to you was one of those which you were to furnish the materials for the guards, construct such guards and maintain them during construction of the building? A. Yes, sir."

The duty assumed by the defendant to " maintain " these guards was described in the testimony of its president as follows: " Q. You knew, did you not, that the law required, the building laws of the State of New York required, that these elevator shafts be kept guarded at all times; didn't you? A. Yes, sir. * * * Q. And you understood that in your contract you were assuming the duty of keeping them enclosed? A. Yes, sir." On motion of the defendant and over exception by the plaintiff these answers were stricken out, erroneously as I believe. This testimony, if received, would have established that the duty which the defendant had assumed under its contract was co-extensive with the statutory duty assumed by the plaintiff with respect to the maintenance of guards around the elevator shaft. (See *Block* v. *Columbian Ins. Co.*, 42 N. Y. 393.)

On January 22, 1929, Michael Guglielmo, an employee of the fireproofing subcontractor, fell into an elevator shaft at the ninth floor of the building and was killed. His administratrix sued the Church Engineering Corporation and other parties, not including, however, the defendant. The Church Engineering Corporation notified the defendant of the pendency of that action and the nature of the claim, asserting that if the Church Engineering Corporation were held liable therein it would seek indemnity from the defendant. Eventually the administratrix of Guglielmo recov-

ered a judgment against the Church Engineering Corporation for $56,160.66, which with interest and costs amounted to $60,196.38. The judgment was affirmed by the Appellate Division of the Second Department (234 App. Div. 623) and by the Court of Appeals (258 N. Y. 566).

The Union Indemnity Company paid the judgment as insurer of the Church Engineering Corporation and then brought this action as subrogee of the insured. Thereafter that company became insolvent and the Superintendent of Insurance, as conservator, was substituted as plaintiff. At the trial the plaintiff offered evidence of its agreement with the defendant, supplemented by the evidence previously referred to concerning the character of the work to be performed. It also offered in evidence the record in the action by the administratrix of Guglielmo against the plaintiff and the notice given to the defendant on its behalf.

The charge of the court in the earlier action demonstrates that the only issues submitted to the jury, which by its verdict the jury answered in favor of the administratrix, were whether the plaintiff had erected and maintained around the elevator shaft the barriers required to be provided by section 241 of the Labor Law and by the Ordinances of the City of New York, whether the deceased was guilty of contributory negligence and the amount of the damages. The issue now suggested by the defendant that the plaintiff may have been held liable to the administratrix for failing to plank over the opening was not referred to in the charge and could not, therefore, have been the basis of liability in that action. Moreover, performance by the defendant of its contractua obligation to maintain the barriers, if it assumed that duty unlder the circumstances here, would have prevented the accident even in the absence of any planking of the shaft. As between the parties to that contract the plaintiff was entitled to rely on performance by the defendant. The judgment in the earlier action establishes, therefore, as against the defendant (*Village of Port Jervis* v. *First National Bank*, 96 N. Y. 550; *O. S. N. Co.* v. *Co. T. E.*, 134 id. 461; *City of Rochester* v. *Montgomery*, 72 id. 65) that the deceased was killed as the result of a failure to maintain the barriers required by the Labor Law and the Code of Ordinances, that he was free from contributory negligence, and the amount of the damages.

The prevailing opinion, it seems to me, disregards the judgment in the earlier action and the issues which it decides. That opinion gives effect to the same evidence which was offered by the plaintiff when it was a defendant in the earlier action in order to establish that it had maintained the barriers to the extent that it was possible to maintain them. That issue was submitted to the jury in the

earlier action, was decided adversely to the plaintiff and, by reason of the notice served on the defendant, must be regarded also as conclusively adjudicated against it. It seems most inequitable that the plaintiff, which was defeated in the earlier action on the theory that it had failed to maintain barriers around the elevator shaft, should now again be defeated on the theory that its subcontractor had discharged that obligation.

The only remaining issue is whether, under our decision in *American Employers' Ins. Co.* v. *Brandt Masonry Corp.* (252 App. Div. 506), the defendant had failed in the performance of its contract and that depends upon an interpretation of its terms. The defendant offered evidence to the effect that the barriers around the shaft had been erected but that they were removed by another subcontractor in the course of stripping the forms from the ceiling of the ninth floor. It contended that, the barriers having been erected, it was incumbent on the plaintiff to give notice of their removal and request that they be restored before the defendant could be considered in default. The plaintiff contended that under the contract the defendant's duty promptly to replace the barriers, however they might have been removed, was absolute. That issue could not have been litigated on the earlier trial and, therefore, was not adjudicated by the judgment. The contract does not necessarily preclude either interpretation and accordingly the intention of the parties as expressed therein cannot be decided as matter of law but should have been submitted to the jury as an issue of fact.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

CALLAHAN, J., concurs.

Judgment affirmed, with costs.