Levi P. Rose, Appellant, *v.* David Hawley et al.,
Respondents.

The complaint herein alleged a conveyance by plaintiff to defendant, the
city of Yonkers, of certain premises therein described, "with the excep-
tion and reservation and upon the express condition" that a strip thereof,
of a width specified, extending along a street of the city should forever
remain a part of said street, and that the residue of the land conveyed
should forever remain public and open as a public highway, and that no
building shall be erected or permitted upon said premises. It was
further alleged that the city has permitted and still permits a house to
stand on the premises after full knowledge and notice of the encroach-
ment; that a previous action had been commenced by plaintiff against
the same defendants to enforce a forfeiture, upon the trial of which all
the facts here alleged were found to be true, except notice to or knowl-
edge of the city; that judgment therein was rendered for plaintiff, which
was reversed on appeal by the General Term upon the law and not the
facts, and that on appeal to this court the order of reversal was affirmed
upon the ground that the city had no notice of the encroachment com-
plained of; that upon trial of the former action the city defended through
the city attorney, and so acquired full knowledge of the encroachment,
but, nevertheless, permitted it to continue. Defendants demurred on
the ground that the complaint disclosed the existence of a prior judg-
ment, which is a bar to a recovery herein. *Held,* untenable; that
assuming judgment absolute was ordered and was entered in the former
action, the complaint herein sets up a cause of action accruing after the
former judgment; and so, that a recovery would not be inconsistent with
the former judgment.

(Argued April 22, 1892; decided May 24, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made July 2, 1891, which affirmed a judgment in favor of
defendants, entered upon a decision of the court on trial at
Special Term.

This was an action of ejectment.

The facts, so far as material, are stated in the opinion.

*James M. Hunt* for appellant. The proceedings had in
the former action do not constitute a bar to the present action.
(*Marsh* v. *Masterson,* 101 N. Y. 401; *Spelman* v. *Terry,* 74

id. 451; *Roberts* v. *Baumgarten,* 126 id. 336; *Bell* v. *Merrifield,* 109 id. 202; *Russell* v. *Place,* 94 U. S. 606; *Lewis* v. *O. N. & P. Co.,* 125 N. Y. 341; *Bridgeman* v. *Hall,* 104 id. 170; *Dawley* v. *Brown,* 79 id. 390; *Wheeler* v. *Rackman,* 51 id. 391; *Stannard* v. *Hubbell,* 123 id. 520.) The demurrers cannot be supported by reference to the General Term opinion delivered in the former action. (Code Civ. Pro. § 1338; *R. R. L. Co.* v. *Roach,* 97 N. Y. 378; *Kane* v. *Cortesy,* 100 id. 132; *Day* v. *Town of New Lots,* 107 id. 148; *Inglehardt* v. *T. I. A. Co.,* 109 id. 454, 462.) The present appeal is properly taken. (*C. N. Bank* v. *Lynch,* 76 N. Y. 514.)

*Theodore Fitch* for respondents. Where a complaint states facts sufficient to constitute a cause of action, and in addition facts constituting a defense, the whole must be considered together in determining upon demurrer whether the complaint states a cause of action, as well the allegations tending to discharge as those tending to charge the defendant. (*Calo* v. *Davies,* 73 N. Y. 211; 118 id. 502.) The demurrer does not admit the construction of the General Term or Court of Appeals decision placed upon it by the plaintiff, but merely the fact that the General Term reversed the Special Term and the Court of Appeals sustained the General Term. (*Bogardus* v. *N. Y. L. Ins. Co.,* 101 N. Y. 328, 337; *Bonnell* v. *Griswold,* 68 id. 294; *Angell* v. *Van Schaick,* 30 N. Y. S. R. 714.) When facts necessary for plaintiff to prove in order to sustain his action are not stated, a demurrer will be sustained. (*Van Liew* v. *Johnson,* 6 T. & C. 648; *Spear* v. *Downing,* 22 How. Pr. 30.) The decisions of the General Term and of the Court of Appeals were not placed upon technical or unimportant grounds which might have been avoided upon a new trial if judgment absolute against the plaintiff had not been given, but were upon the merits and were squarely and unequivocally against the plaintiff. (118 N. Y. 502.) A final adjudication upon essential material facts is conclusive upon the same parties, and will bar a subsequent action. (*Lorillard* v. *Clyde,* 122 N. Y. 41; *Jordan* v. *Van Epps,* 85 id. 427; *Smith* v.

*Smith,* 79 id. 634; *Tuska* v. *O'Brien,* 68 id. 446, 449; *Bloomer* v. *Sturges,* 58 id. 168, 176; *Clemens* v. *Clemens,* 37 id. 57, 74; *Daly* v. *Brown,* 4 id. 71; *Burt* v. *Sternbergh,* 4 Cow. 559; *Phillips* v. *Berick,* 16 Johns. 136; *Cromwell* v. *County of Sac,* 94 U. S. 351; *Stannard* v. *Hubbell,* 123 N. Y. 520; *Hymes* v. *Esty,* 116 id. 501; *Leavitt* v. *Wolcott,* 85 id. 212; *Pray* v. *Hegeman,* 98 id. 351; *Church* v. *Kidd,* 88 id. 652; *Dawley* v. *Brown,* 79 id. 390; *Smith* v. *Smith,* Id. 634; *Dunham* v. *Bower,* 77 id. 76.) The stipulation given by the plaintiff in taking his appeal from the order of the General Term granting him a new trial in the former action, and the judgment absolute rendered thereon by this court in affirming the order, preclude the plaintiff from again litigating the same cause of action. Such a judgment rests upon the consent of the appellant and not upon the merits of the controversy, and bars any further litigation of the same cause of action. (*Roberts* v. *Baumgarten,* 126 N. Y. 336; *Cobb* v. *Hatfield,* 46 id. 535; *Hiscock* v. *Harris,* 80 id. 402; Code Civ. Pro. § 191; *Caswell* v. *Hazard,* 121 N. Y. 484; *Godfrey* v. *Moser,* 66 id. 250; *People ex rel.* v. *Thatcher,* 55 id. 525; *Lanman* v. *L. R. R. Co.,* 18 id. 493.) Final judgment, instead of an interlocutory judgment, was proper. (Code Civ. Pro. § 1021; *Lowry* v. *Inman,* 37 How. Pr. 286; 46 N. Y. 119; *Snow* v. *F. N. Bank,* 4 Robt. 479.)

*Joseph H. Daly* for respondents. When the Court of Appeals orders judgment absolute upon an appeal taken to it from an order of the General Term granting a new trial, the judgment is absolute against the appellant upon the whole matter and the right in controversy in the action. (*Hiscock* v. *Harris,* 80 N. Y. 402, 406; *Lanman* v. *L. R. R. Co.,* 46 id. 532; *People ex rel.* v. *Thatcher,* 55 id. 535; *Godfrey* v. *Moser,* 66 id. 250; *Mackay* v. *Lewis,* 73 id. 382.) The contention of the plaintiff that he has a right to a new cause of action, because the opinion of the Court of Appeals stated that the trial judge erred in his refusal to find that the city of Yonkers had no notice of the encroachment, and that proof of notice

was an essential part of the plaintiff's case, is not sound in law. (*Van Tassel* v. *Wood*, 76 N. Y. 614 ; *Weir* v. *Beach*, 79 id. 409 ; *Shaw* v. *N. Y., L. E. & W. R. R. Co.*, 20 Wkly. Dig. 136.) Where the same cause of action is alleged in the complaint as was alleged in the former action, the judgment absolute in the former action is a bar to the new one. (*Bell* v. *Merrifield*, 109 N. Y. 203 ; *Roberts* v. *Baumgarten*, 126 id. 336.)

Finch, J. The demurrers interposed by the defendants have been sustained upon the ground that the complaint on its face disclosed the existence of a prior judgment between the same parties and for the same cause of action, which operates as a bar to any recovery by the plaintiff in the present suit. Necessarily what we have a right to know about such prior judgment cannot transcend the facts disclosed by the present complaint, and we must not go beyond its statement, although other sources of information are within our reach. Confining our attention to that document, it is necessary to consider its allegations in connection with the admissions which form the support of the demurrers.

The plaintiff alleges a conveyance by him to the municipal corporation of certain described premises, excepting and reserving, and upon the express condition "that the strip of land forming part of the premises above described, and being twelve feet and six inches in width and extending along said Academy street, shall forever hereafter be and remain a part of said Academy street, and shall never be used for any other purpose whatsoever, and also that all the residue of the said land hereby conveyed shall forever hereafter be and remain public and open as a public highway, and that no house, building or other erection whatsoever except a public monument shall be built or erected or permitted upon the said land, or any part thereof." The complaint then alleges a breach of this condition by the city of Yonkers in that it had permitted, and still continues to permit, a house or building to stand upon said premises ; and in order to establish such permission alleges

notice to the city of the fact of the encroachment and full knowledge of its existence. The cause of action alleged is thus a breach of the condition of the deed, which consists in suffering and permitting an unlawful encroachment after having been fully informed of its existence. The forfeiture claimed is rested upon the conscious and willful sufferance of the city as amounting to a permission. In pleading the fact of such permission the details are stated which provoked the demurrers. It is averred that a previous action had been brought by the same plaintiff against the same defendants to enforce a forfeiture; that upon the trial all the facts now alleged were found to be true except notice to or knowledge of the city; that judgment was rendered for the plaintiff, which judgment on appeal was reversed by the General Term upon the law and not upon the facts; that the plaintiff appealed to this court, where the judgment of reversal was affirmed, and that such decision was based upon the fact that prior to the commencement of that action the city of Yonkers had no notice of any encroachment. It is further averred that on that trial the city defended, through the city attorney, and so it acquired full knowledge of all the alleged facts, but, nevertheless, continued thereafter to suffer and permit the encroachment. The pleader did not say that upon the decision of this court in the first action judgment absolute was ordered for the defendants, nor if ordered that any such judgment was in fact entered, but, possibly, it may fairly be presumed that such usual and necessary proceedings were had. But even then there is not enough in the admissions of the complaint to make the judgment in the prior action necessarily a bar, and I think it should not be so adjudged upon the demurrers. We do not know what the pleadings were in the prior suit, or what issues were in controversy. It may be that the deed and its legal effect, as containing a condition and not a covenant, and the fact of the encroachment, were all admitted and conceded, and that the only issue raised and tried was that of the sufferance or permission of the city. Or, what is more probable, because indicated by the opinion in this court, that both

appellate tribunals agreed with the trial court that the deed contained a condition and not a covenant, that for a breach there could be a forfeiture, that a violation of its terms was shown, but that plaintiff could not recover because, and only because, the city had no knowledge of the encroachment, and could not be said to have permitted a wrong of which it was wholly ignorant. On that state of facts the judgment absolute for the defendant would establish that the plaintiff had no cause of action, but would not prevent him from thereafter acquiring one, and that is exactly what the present complaint alleges. It sets up a cause of action which accrued after the former judgment, founded upon a subsequent occurrence, and finding for its support new and different evidence. The two causes of action are not and cannot be identical, for one never in fact existed, and the other has since come into being. A recovery in the present suit will not contradict the judgment in the prior one, or be inconsistent with it. Both may stand without collision.

Illustration is not argument, but sometimes helps us to a view of the truth. Let us suppose a suit on a contract in which the plaintiff recovers, but on appeal to the General Term the judgment is reversed, because when the suit was brought the debt was not due or could not be enforced without a demand; that the plaintiff doubting the law and faced with a difficulty which he cannot cure on a new trial, appeals to this court, where the reversal is affirmed and judgment absolute is ordered for the defendant. Is it true that such judgment prevents utterly a future recovery on the contract? May not the plaintiff sue when the debt does mature or make the needed demand, and then maintain his action? I think the judgment as a bar depends always to some extent upon the nature of the controversy and the actual decision made. On the admission of the complaint we ought not to assume that something was adjudged against plaintiff beyond what he admits and which may prove to be exactly the reverse of what the judgment did determine.

I do not undertake to say what the conclusion should be if

the prior judgment record was before us, and competent proof of what was adjudged. I only say that if no more was adjudged than what is admitted by this complaint, the judgment absolute is not necessarily a bar. It did determine that there was then no right of action in the plaintiff and no forfeiture of the title of the defendants. To that extent it is conclusive. It settles against the plaintiff the right which he then asserted. But the right which he did not then have he might possibly thereafter acquire unless some vital point adjudged prevented that possibility. Nothing of that sort is admitted by the complaint, but the exact contrary is asserted. The cases fully justify this doctrine. (*Bell* v. *Merrifield*, 109 N. Y. 212; *Lewis* v. *O. N. & P. Co.*, 125 id. 341; *People ex rel. Bridgeman* v. *Hall*, 104 id. 170; *Russell* v. *Place*, 94 U. S. 606.)

Some peculiar force is occasionally attributed to a judgment absolute entered upon the required stipulation, because entered by consent, and the case of *Roberts* v. *Baumgarten* (126 N. Y. 336) is cited as authority. Undoubtedly the appellant in such a case concedes by his appeal that he cannot recover upon a new trial if the doctrine of the General Term shall remain unreversed, and the failure to change it on appeal to this court involves judgment absolute against him without the useless formality of a new trial. But where that judgment absolute to which the adversary is entitled is a general judgment for the defendant dismissing the complaint, it requires an examination of the record to determine what in truth was involved in the decision. The identity of the two causes of action cannot otherwise be ascertained, and that identity must be shown by the party asserting the bar of a prior adjudication. If, although the two causes of action are different and not identical, there is yet some vital question common to both determined in the earlier suit, that fact must in some way be made to appear. Here the two causes of action are not identical, for the present one arose out of new facts later occurring, and the complaint not only does not admit an adverse decision upon some material issue common to both cases, but asserts an adju-

dication in plaintiff's favor upon every such issue, except that of notice to the city. Where the prior judgment claimed to be a bar is in favor of a plaintiff and awards a recovery, the character of the judgment itself, in connection with the pleadings, affords a sufficient ground from which to infer the necessary scope and range of the adjudication. The fact of the recovery cannot stand, except on the condition that every defense to it pleaded or which might be interposed is cut off. The existence of any such defense is inconsistent with the recovery. But where the judgment is one of no cause of action it can have no force as a bar until we can ascertain what was involved in it and what in truth was decided. It may have proceeded upon purely technical grounds or have been simply the equivalent of a nonsuit, or be found to have decided nothing involved in the later controversy.

In an equity case such a judgment might be given because there was a remedy at law upon the very contract involved or without in any manner cutting off or destroying the legal right. Generally the test is to inquire whether the new judgment sought is inconsistent with the prior one rendered, and where that is one of no cause of action there may be no such real inconsistency, and the party claiming that there is must show it. No needless or purely constructive bar should be encouraged. The real truth and actual fact should always be sought. In the present case no such necessary collision was admitted by the complaint. If it existed it must be shown, and we leave to the defendant full opportunity to do so upon the trial.

The judgment should be reversed and the demurrers overruled, with costs, but with leave to the defendants to answer within twenty days from notice of entry of judgment upon payment of costs of the demurrers.

All concur.

Judgment reversed.