THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent, *v.* JOHN BRADY and WILLIAM HOLLWEG, Appellants.

*Indemnity to a city, given by a contractor, against his negligence — how far the judgment against the city in an action for negligence is evidence against the contractor's sureties in an action by it for indemnity.*

A contract with a city for building a sewer in one of its streets, provided that the contractor should guard the work and should indemnify the city against all suits and damages to which it might be subjected by reason of injury to anyone, resulting from negligence in the performance of the work or in the guarding of it.

A person injured by an obstruction on the sidewalk, caused by the work, recovered a judgment for damages because thereof against the city, which was paid by the city, and the city thereafter brought an action against the sureties who had engaged for the due performance of his contract, by the contractor, to recover the amount which it had been compelled to pay by reason of the judgment.

*Held,* that it was essential to a recovery, in the absence of any provision in the contract to the contrary, to show that the judgment recovered against the city was for damages caused by some negligent act or omission of the contractor, for which, as between him and the city, the contractor was primarily liable.

When indemnity is sought by one who has been adjudged liable for damages arising from negligence for which the other is primarily liable, the judgment is evidence, in the action brought to recover indemnity, that the defendant in the first action (plaintiff in the second) was liable for the damages.

When notice has been given to defend, the judgment is evidence of the amount of the damages arising from the injury, but it does not establish which of the wrongdoers is primarily liable.

In an action brought by the corporation of the city of New York against the sureties of a contractor, who had engaged to build a sewer in one of the streets of that city, to recover indemnity for what the city had been compelled to pay under a judgment recovered against it in an action brought against it and the contractor for the recovery of damages for a personal injury, which had been tried as against the city, but had not been noticed for trial as against the contractor, the judgment roll was put in evidence, which contained only the summons, complaint, answer and a judgment in the ordinary form of judgments upon a verdict in common-law actions for damages, which disclosed neither the nature of the action nor the particular cause for which judgment was rendered; the purport of the allegations of the complaint was that the injury was caused by the concurring acts of the contractor and of the city.

*Held,* that the judgment roll showed that the issue whether the city or the contractor was primarily liable, as between themselves, was not presented or tried; and hence, that the judgment roll did not establish a cause of action in favor of the city against the contractor's sureties.

It was shown by the defendants (the contractor's sureties) that the city had made payments to the contractor after the plaintiff in the action in which judgment had been recovered against the city was injured and had presented his claim against the city.

*Held,* that this fact was no defense to the action, since, in the contract between the city and the contractor, which was made a part of the bond executed by the defendants as security for the performance of the contract, the contractor agreed that the whole, or so much of the moneys due him thereunder as might be considered necessary by the city's commissioner of public works, might be retained by the city, at its sole option, until all suits or claims for damages to third persons should have been settled, and evidence to that effect furnished to the satisfaction of the commissioner.

APPEAL by the defendants, John Brady and William Hollweg, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 31st day of January, 1893, upon a verdict rendered by direction of the court at the New York Circuit.

August 31, 1883, Joseph D. Nutt and Patrick Kearns, who were partners under the firm name of Nutt & Kearns, entered into a contract in writing with the mayor, aldermen and commonalty of the city of New York whereby they agreed, in consideration of certain payments therein provided for, to construct a sewer in Ninth avenue between Eighty-first and Eighty-third streets in the city of New York and to complete the same in a good and substantial manner.

The contract contained the following provision: " That during the performance of the said work he (they) will place proper guards upon and around the same for the prevention of accidents, and at night will put up and keep suitable and sufficient lights, and that he (they) will indemnify and save harmless the parties of the first part from all suits and actions of every name and description brought against them, and all costs and damages to which they may be put by reason of injury to the person or property of another, resulting from negligence or carelessness in the performance of the work, or in guarding the same, or from improper materials used in its construction, or by or on account of any act or omission by the said party of the second part or his (their) agents."

Simultaneously with the execution of said contract a joint and several bond was entered into by said Nutt & Kearns, John Brady and William Hollweg, whereby they bound themselves in the sum of $5,000, the condition of the obligation being that Nutt & Kearns

" shall well and truly and in good, sufficient and workmanlike man-
ner perform the work mentioned in the aforesaid contract, and com-
plete the same in accordance with the terms and provisions therein
stipulated, and in each and every respect comply with the condition
therein contained, then this obligation to be void ; otherwise to
remain in full force and virtue."

On the 13th of November, 1883, Augustus W. Cruikshank was
injured by falling over an unguarded pipe left across the west side-
walk on Ninth avenue.   December 7, 1883, he filed his claim with
the city for the damages sustained, which was not allowed.   In May,
1884, he began an action in the Supreme Court against the mayor,
aldermen and commonalty of the city of New York, said Joseph D.
Nutt and Patrick Kearns.   He alleged in his complaint, among
other things, as follows :

" IV. That during the progress of the construction of said sewer
or sewers in the said portion of Ninth avenue, and in the month of
November, 1883, the defendants, Joseph D. Nutt and Patrick
Kearns, and their servants, having unlawfully, carelessly and negli-
gently placed and extended a certain pipe over and across the side-
walk between Eighty-first and Eighty-second streets on the westerly
side of Ninth avenue, which said avenue is a public highway, did
negligently and carelessly suffer said pipe to remain extended and
across said sidewalk uncovered and exposed without guarding the
same, and without placing any light or signal near thereto to indi-
cate danger, thereby creating and continuing a public nuisance and
rendering said sidewalk insecure and dangerous to citizens and
travelers.

" V. That the defendant, the mayor, aldermen and commonalty of
the city of New York and its servants, well knowing the premises,
negligently left the said sidewalk in the dangerous condition
aforesaid.

" VI. That on the 13th day of November, 1883, the plaintiff,
while lawfully and carefully passing along said westerly side of
Ninth avenue, between Eighty-first and Eighty-second streets, on the
sidewalk, entirely unaware and unsuspicious of danger, without
fault or negligence on his part, but wholly by reason of the wrong-
ful act, neglect and default of the defendants, stumbled against said
pipe and fell over the same."

The defendants filed separate answers denying any liability.   On the 6th of June, 1885, notice was given by the corporation counsel to Nutt & Kearns and to William Hollweg and John Brady of the pendency of the action, the purpose for which it was brought, that damages were claimed, and they were asked to defend the action at their own expense.   The defendants Hollweg and Brady paid no attention to the notice and refused to appear and defend the action. On the 6th of October, 1885, the action was brought to trial and resulted in a verdict in favor of the plaintiff for $4,500 damages, and on the same day a judgment was entered for $4,884.94 damages and costs, which the city paid to the plaintiff on the 23d of December, 1885, together with interest, amounting in all to $4,937.05. Afterwards this action was begun by the city to recover from these defendants the amount which it had been compelled to pay.

On the trial the plaintiffs introduced in evidence the contract, the bond and the judgment roll, proved the payment of the judgment and the amount expended in contesting the former action and rested.   Thereupon the defendants moved for a dismissal of the complaint on the ground that the plaintiffs had not shown that the damages recovered by the judgment were caused by the negligence of the contractors for whom the defendants were sureties. This motion was denied and an exception was taken.   The defendants then proved that the city paid on the contract the following sums at the following dates :

| | |
|---|---:|
| December 1, 1883 | $1,120 00 |
| January 30, 1884 | 1,120 00 |
| March 31, 1884 | 1,059 80 |
| May 12, 1884 | 1,050 00 |
| June 10, 1884 | 1,120 00 |
| August 28, 1884 | 2,213 92 |
| May 2, 1885 | 234 90 |
| Total | $7,918 62 |

The defendants also showed that August 28, 1884, the contractors acknowledged full payment of all their claims arising out of the contract and executed a general release of all demands against the city.   The defendants then proved that the action brought by Cruikshank was not noticed for trial as against the contractors, and

254 MAYOR, ETC., OF NEW YORK v. BRADY.

that in 1888 on their motion that action was dismissed for the want of prosecution.    The defendants introduced sections 12, 14 and 17, of page 7 of the Revised Ordinances of the city, and offered to prove that soon after the contract was closed the contractors became and remained insolvent, which evidence was excluded and an exception was taken.    This was all the evidence received or offered on the trial. At the close of the evidence the defendants again moved to dismiss the complaint which motion was denied and an exception taken and thereupon the court directed a verdict in favor of the plaintiffs for $7,140.73, the amount of the former judgment with interest and $116.14, the expenses incurred in defending the former action.    A judgment was entered from which the defendants appealed.

*James A. Deering,* for the appellants.

*Charles Blandy,* for the respondent.

FOLLETT, J. :

There was no question of fact for the jury.    The main contention on this appeal is, did the evidence establish a cause of action in favor of the plaintiffs?    The learned counsel for the defendants insisted that their liability was not established because it was not affirmatively shown that the judgment recovered by Cruikshank was for damages caused by some negligent act or omission of the contractors for which, as between them and the city, they were primarily liable.    That it was necessary to show this fact unless some provision in the contract rendered it unnecessary is established by several cases in the court of last resort.    (*City of Rochester* v. *Montgomery,* 72 N. Y. 65 ; *The Mayor* v. *Troy and Lansingburgh R. R. Co.,* 3 Lans. 270; 49 N. Y. 657; *City of Cohoes* v. *Morrison,* 42 Hun, 216 ; 116 N. Y. 662; *Oceanic Steam Navigation Company* v. *Compania Transatlantica Espanola,* 134 id. 461.)

Does the fact affirmatively appear from the judgment roll that the damages were caused solely by the contractors' negligence, or if jointly with the city, that as between them the contractors are primarily liable?    The judgment proper is in the ordinary form of judgments in common-law actions for the recovery of damages and discloses neither the nature of the action nor the particular cause for which the judgment was rendered.    The postea simply recites

that a verdict was rendered for $4,500. The only other papers contained in the roll are the summons, complaint and answer. In the third subdivision of the complaint it is set out that Nutt & Kearns entered into a contract with the city by which they undertook to build for it a sewer in Ninth avenue between Eighty-first and Eighty-third streets.

In the fourth subdivision which is quoted in the statement of facts it is set forth that Nutt & Kearns negligently left a pipe across the sidewalk over which the plaintiff fell and was injured.

In the fifth subdivision it is alleged that the " city of New York and its servants, well knowing the premises, negligently left the said sidewalk in the dangerous condition aforesaid."

In the sixth subdivision it is averred that the plaintiff, without fault or negligence on his part, but wholly by reason of the wrongful act, neglect and default of the defendants, stumbled against said pipe and fell over the same.

The result of these allegations is that the injury was caused by the concurring acts of the contractors and of the city, but the issue whether the city, or the contractors, were primarily liable as between themselves was not presented nor tried, as, indeed, it could not have been without the consent of both parties and the court for reasons stated in *O. S. N. Co.* v. *C. T. E.* (*supra*). This issue might have been raised as between the defendants in the original action by the service of an answer by one defendant on a co-defendant as provided by section 521 of the Code of Civil Procedure.

Whether the plaintiffs or the contractors are primarily liable for the negligence, is an issue on which neither the contractors nor their sureties have had their day in court. That it is possible that the city may be primarily liable is shown by the terms of the contract introduced in evidence by the plaintiffs, for by it the city had the right to supervise and direct the manner of doing the work, and among other things, it was provided that " All iron, water and gas pipes which it becomes necessary to remove, shall be considered as the property of the parties of the first part (city) and left in such part or parts of the streets as the engineer may direct, unless notice to the contrary is given in writing by the Commissioner of Public Works to the said contractor, in which case the same shall be removed or otherwise disposed of at the expense of said contractor."

When indemnity is sought by one who has been adjudged liable for damages arising from negligence for which another as between themselves is primarily liable, the cases hold that the judgment is evidence in the action brought for indemnity, (1) that the defendant in the first action, plaintiff in the second, was liable for the damages, (2) when notice has been given to defend, of the amount of the damages arising from the injury, but it does not establish which of the wrongdoers is primarily liable. The reason of this is plain. The liability of the defendant in the first action and the amount of damages sustained were issues presented and determined; but which of the wrongdoers was primarily liable is an issue not usually presented or determined in the action. (*O. S. N. Co.* v. *C. T. E.*, *supra.*)

Is there any provision in the contract which takes this case out of the general rule? It provides "that they will indemnify and save harmless the parties of the first part (city) from all suits and actions of every name and description brought against them (city)." The language quoted is part of subdivision H, which contains particular words limiting and controlling the general words, and makes it plain that the contractors and their sureties are not by the terms of the contract liable simply because a judgment has been recovered against the contractors. (Sedg. Cons. S. & C. Law, 360.)

Again, this action neither was brought nor tried on the theory that a judgment having been recovered against, and paid by the city for acts arising out of the construction of a sewer, rendered the contractors and their sureties liable under the language quoted from provision H, and it is not necessary to consider further this question.

The fact that the city made payments to the contractors after Cruikshank was injured and presented his claim, is no defense to this action, for the contract provides: "The said party of the second part (contractors) hereby further agrees that the whole or so much of the moneys due to him (them) under and by virtue of this agreement, as shall or may be considered necessary by the Commissioner of Public Works, shall or may be retained by the said parties of the first part (city) at their sole and exclusive option, until all such suits or claims for damages aforesaid shall have been settled, and evidence to that effect furnished to the satisfaction of the said Commissioner."

The contract is referred to in, and is made a part of, the bond executed by these defendants.

The judgment must be reversed and a new trial granted, with costs to the appellants to abide the event.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Judgment reversed and new trial granted, with costs to the appellants to abide event.