THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW
YORK, Appellant, *v.* JOHN BRADY and Another, Respondents.

*Action against sureties on an indemnity bond — evidence improperly excluded.*

An action was brought by a municipal corporation against the sureties upon the
bond of a contractor, to recover the amount of a judgment entered against
and paid by such corporation, together with its expenses in defending the
action resulting in such judgment, on the theory that such judgment was for
damages caused by a negligent act or omission of the contractor, for which, as
between him and the corporation, the contractor was primarily liable.

Upon the trial the judgment roll in such action was introduced and received in
evidence.  The plaintiff then produced the witnesses who had been before the
court upon the trial of the action wherein judgment was recovered against the
municipal corporation, and attempted to prove the alleged negligent acts on
the part of such contractor, which furnished the basis of the recovery therein,
the purpose being to establish as between such corporation and the contractor
for whom the defendants were sureties that such contractor was primarily
liable for the damages sustained.

This evidence was excluded.

*Held*, that the evidence should have been admitted, and that the rejection thereof
was an error which required the reversal of a judgment entered in said action
in favor of the defendants.

APPEAL by the plaintiff, The Mayor, Aldermen and Commonalty
of the city of New York, from a judgment of the Supreme Court
in favor of the defendants, entered in the office of the clerk of the
county of New York on the 14th day of November, 1893, upon the
direction of the court, after a trial at the New York Circuit, before
the court and a jury, dismissing the plaintiff's complaint, and for
costs, and also from an order entered in said clerk's office on the
23d day of November, 1893, denying the plaintiff's motion to set
aside the verdict and for a new trial made upon the minutes.

This action was brought to recover the amount of a judgment
recovered against the plaintiff, a municipal corporation, and the
costs of the plaintiff in defending the same, by reason of the alleged
negligence of the contractors against whose acts the defendants had
indemnified the city.

*W. H. Clark, Charles Blandy* and *Terence Farley,* for the
appellant.

*James A. Deering,* for the respondents.

PARKER, J.:

As we adhere fully to the position taken by this court on the former appeal in this action (70 Hun, 250), further discussion of the questions considered will not be indulged.

The record then before the court disclosed that the plaintiff in order to establish its cause of action had introduced in evidence the contract, the bond and the judgment roll, proved the payment of the judgment, the amount expended in contesting the former action and rested.

This court held that the plaintiff had failed to make out a case. It appeared from the judgment roll that the issue, whether the city or the contractor was primarily liable as between themselves, was not presented or tried, therefore it failed to establish that which was essential to a recovery, viz., that the judgment recovered against the city was for damages caused by some negligent act or omission of the contractor, for which as between him and the city the contractor was primarily liable.

On the last trial, the record of which is now before us, the plaintiff produced the witnesses who were before the court upon the trial of the action between Cruikshank and the plaintiff, and attempted to prove the alleged negligent acts which furnished the basis for the recovery had by Cruikshank, the purpose being to establish as between this plaintiff and Nutt and Kearns, the contractors for whom these defendants were sureties, that Nutt and Kearns were primarily liable for the damages sustained. The evidence was excluded and thus is presented error for which a reversal must be had.

Upon the argument it was asserted that the plaintiff had failed to fairly apprise the court that its purpose was to prove the original negligence and that Nutt and Kearns were primarily liable to respond for the damages resulting. That such contention was incorrect sufficiently appears from the extracts following which we take from the record:

" Mr. BLANDY.— I offer to prove that the judgment against the city proceeded as the result of the negligence of Nutt & Kearns.

" THE COURT.— I have already ruled on that point and you have taken your exception.

" Mr. BLANDY.— Your honor does not get the point of the distinc-

tion. I told you, when Mr. Cruikshank was on the stand, I did not offer it for the purpose of proving negligence of Nutt & Kearns, but for the purpose of proving that the judgment proceeded against the city because of the finding of negligence by the jury in that action. The General Term might say to me that it was not competent for me to prove that the judgment proceeded that way, but that I should have gone on and proved the original negligence.

" THE COURT.— I have twice read you the paragraph of the General Term's opinion, which is the basis of my action in this trial. You have taken your exception to protect your rights.

" Mr. BLANDY.— I offered Cruikshank a moment ago not to prove the original negligence of Nutt & Kearns, but to prove that the judgment proceeded against the city because of the negligence, leaving the judgment record then to be conclusive. Now I am in a position to prove the original negligence. I have all the witnesses here that we called on that trial, but I don't think your honor wants me to call them. I think you mean under the opinion of the General Term the proof would not be competent in either respect. If you say so, I am entirely satisfied.

" THE COURT.— I cannot say anything more than I have ; I have read you again and again this paragraph in which the General Term said no such issue was tried or could have been tried upon that trial. Therefore, I am obliged to sustain the objection.

" Augustus W. Cruikshank, recalled for the plaintiff :

" Q. Will you describe to the jury the position of the pipe in question on the night that you met with your accident ? [Objected to, first, upon the ground that the record in the suit of *Cruikshank* v. *The Mayor* is conclusive in this action; second, that sufficient foundation has not been laid, for the question of mere proof, that the land in question was a parcel of land over which the plaintiff had a right to pass. Objection sustained for the reasons already stated ; exception.] Q. State the circumstances under which you met with the accident which you have described in the *Cruikshank* action ? [Same objection, ruling and exception.] Plaintiff rests."

The judgment should be reversed and a new trial granted to the appellant, with costs to abide the event.

VAN BRUNT, P. J., and FOLLETT, J. concurred.

Judgment reversed new trial granted, with costs to appellant to abide event.