THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent, *v.* JOHN BRADY and Another, Appellants.

*Action over by a city against its contractor — evidence of the contractor's negligence — consent by a municipal corporation that a lawful act be done — care required in its execution.*

Upon the trial of an action, brought by a city against the sureties upon a contractor's bond to recover back the amount of damages recovered against the city by a person injured by the alleged negligence of such contractor, where the question is as to which of the parties was primarily liable, as between themselves, for the accident, it is competent to introduce evidence, *aliunde* the record of the suit brought against the city, showing what was litigated in that

action, such as the cause of such accident, and that a certain state of the sidewalk of the city constituted the subject-matter upon which the plaintiff in that action relied to sustain his claim therein.

The consent by a municipal corporation that a person do a lawful act merely permits it to be done in a careful, prudent and lawful manner, and when it is performed in any other manner, and an injury to third persons ensues, the author of the injury is liable therefor.

APPEAL by the defendants, John Brady and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of June, 1894, upon the verdict of a jury, rendered by direction of the court, after a trial at the New York Circuit.

*Joseph A. Flannery,* for the appellants.

*Charles Blandy* and *Terrence Farley,* for the respondent.

PARKER, J.:

When first before this court there was a reversal of the judgment in favor of the plaintiff on the ground that it had failed to show that, as between the city and the defendants, the latter were primarily liable for the wrongful act which occasioned Cruikshank's injuries, and which supported his recovery. (70 Hun, 250.)

The record then before the court showed that the plaintiff, to make out its cause of action, had put in evidence the contract between the city and Nutt & Kearns, contractors, the bond given for the faithful performance thereof on which these defendants were sureties, the commencement of an action against the city by Cruikshank claiming damages for injuries occasioned by his falling over a pipe which had been negligently placed across the sidewalk by Nutt & Kearns while at work under their contract with the city, a written notice from the corporation counsel to Nutt & Kearns and their sureties, these defendants, stating the pendency of the action, and the purpose of it, and asking that they defend the action at their own expense, the judgment roll in the action, and proof of payment of the judgment by the city, together with the amount of the expense incurred by the city in defending the action.

The fourth subdivision of the complaint in the Cruikshank action, in its statement of facts set forth that Nutt & Kearns negligently

left a pipe across the sidewalk over which plaintiff fell and was injured.

The fifth subdivision contained the allegation that the "City of New York and its servants, well knowing the premises, negligently left the said sidewalk in the dangerous condition aforesaid."

It was held that the result of these allegations was that the injury was occasioned by the concurring acts of the contractors and the city, and that the issue as to which of the parties was primarily liable as between themselves was not presented nor tried. It so happened that on the retrial the court refused to receive the evidence offered by the plaintiff for the purpose of establishing that, as between the city and Nutt & Kearns, the latter were primarily liable for the injury sustained by Cruikshank, and the judgment rendered in favor of the defendants was reversed for that reason. (77 Hun, 241.)

On the third trial the evidence presented on the first trial, and to which we have referred, was introduced. In addition it was shown by proof *aliunde* the record that the presence of the pipe, unprotected, upon the sidewalk was litigated in the Cruikshank action, and constituted the subject-matter upon which Cruikshank relied to recover. This evidence was competent. (*City of Cohoes* v. *Morrison*, 42 Hun, 216; *Hymes* v. *Estey*, 116 N. Y. 501; *Lorillard* v. *Clyde*, 122 id. 41; *Lewis* v. *O. N. & P. Co.*, 125 id. 341; *Rose* v. *Hawley*, 133 id. 315.)

The judgment roll, in connection with such proof, and the notice given to the contractor and sureties to come in and defend that action, established:

1. That Cruikshank was injured by falling over the pipe;

2. That leaving the pipe in the situation in which it was, and without guard or protection, constituted negligence;

3. That Cruikshank was free from contributory negligence, and

4. That he was damaged in the amount for which he had recovery.

On the question of primary liability the plaintiff proved that the pipe was put in the position in which it was at the time of the accident by the contractors, Nutt & Kearns. As this evidence was not disputed, there only remained the question whether the presence of the city's inspector at the time the pipe was laid, by virtue

of his authority under the contract, made the act of laying the pipe in the manner in which it was done the city's act.

The defendants' counsel insisted otherwise and claimed the right to try anew the question whether the act of which Cruikshank had complained was wrongful.

The trial court rightly ruled against him. (*Mayor* v. *Troy & L. R. Co.*, 49 N. Y. 657; *City of Rochester* v. *Montgomery*, 72 id. 67; *Heiser* v. *Hatch*, 86 id. 614; *Village of Port Jervis* v. *Bank*, 96 id. 550; *City of Rochester* v. *Campbell*, 123 id. 408.)

We shall now inquire what effect, if any, the presence of the inspector at the time the pipe was laid and his assent to its laying had upon the question of primary liability as between the city and Nutt & Kearns.

True, the evidence does not show that he was present and assented, but evidence tending in that direction was offered and excluded, and for convenience we shall treat the question as if such facts had been proved.

The provision of the contract upon which defendants mainly found their contention is as follows : " The said Commissioner of Public Works shall be and is hereby authorized to appoint such person or persons as he may deem proper to inspect the materials to be furnished and the work done under this agreement."

There are other provisions affecting the duties of the inspector and engineer, but they do not confer upon such employees the right to authorize or sanction the doing of a negligent or improper act by the contractors while engaged in the performance of their contract.

As stated by Judge FOLGER in *Brooklyn* v. *Brooklyn City R. R. Co.* (47 N. Y. 480), " The clause is, in effect, no more than a reservation to the plaintiff of a right of supervision of the work as it goes on, so that it shall have a concurrent check upon a faulty or deficient performance by the defendant."

But assuming that the inspector or engineer could so far represent the city as to authorize the laying of the pipe across the walk, still the contractors were bound to guard it and do all things needful to save the public from injury.

If the right to lay the pipe was acquired by the action of the inspector and engineer it carried with it to the contractors the obli-

gation to so protect and guard it as to warn passers-by, and thus save them from injury.

" Consent by a municipal corporation to a person to do a lawful act merely permits it to be done in a careful, prudent and lawful manner, and when it is performed in any other manner, and injury to third persons ensues, the author of the injury is liable therefor." ( *Village of Port Jervis* v. *First Natl. Bank,* 96 N. Y. 556, 557.)

Had the contractors performed their full duty by so guarding the pipe as to warn travelers of its presence on the walk, there could have been no recovery in the action of Cruikshank against the city.

The judgment should be affirmed, with costs.

Van Brunt, P. J., and O'Brien, J., concurred.

Judgment affirmed, with costs.