SAUER v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 20, 1896.)

1. PARTIES—INTERVENTION.
Where a litigation involves several causes of action, persons not affected by all such causes are not proper parties.

2. SAME—WHO MAY INTERVENE.
In an action against a city for damages resulting from the construction of a viaduct, the contractors who built it should not be admitted as defendants, though they agreed to indemnify the city for damages caused by carelessness in the work, since the question in such action is as to the liability of the city by reason of its acts, and not as to which of the wrongdoers, as between themselves, is primarily liable.

Appeal from special term, New York county.

Application by George S. Field and others, composing a partnership known as the Union Bridge Company, to be made defendants in an action by George W. Sauer against the mayor, aldermen, and commonalty of the city of New York. The application was denied, and petitioners appeal. Affirmed.

The action is brought to recover on four separately stated and enumerated causes of action. The first three relate to damages alleged to have been caused by the defendant's construction of a viaduct upon 155th street, and the fourth is for damages due to defects in one of the defendant's water meters. The defendant served on the Union Bridge Company a notice requiring the latter to come in and defend the second and third causes of action, and stating that in default thereof the defendants "will claim to be reimbursed by you, if judgment is obtained against them." The defendants entered into a contract with one Herbert Steward to build said viaduct, which contract was assigned to the Union Bridge Company, and thereafter the latter sublet to Steward, and he constructed all except the metal work contracted for. The original contract purports to obligate said Steward to "indemnify defendants from all damages, etc., which they may suffer, or to which they may be put, by reason of injury to the person or property of another, resulting from negligence or carelessness in the performance of the work done under said contract." The Union Bridge Company applied to the court below to admit them as actual parties defendant, which was denied, from which denial this appeal is taken.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

Walter D. Edmonds, for appellants.
Charles Blandy, for respondent Sauer.

O'BRIEN, J.   It is conceded that the four causes of action could properly be united in one complaint, under section 484 of the Code of Civil Procedure, and that the Union Bridge Company is only interested in two.   If the latter had originally been made parties, the complaint would therefore be obnoxious to demurrer.   It is claimed, however, that by reason of the notice served by the city the company will be bound by any judgment that may be entered in this action, and, therefore, that they should be admitted as parties defendant, and allowed to litigate their liability as to two of the four causes.   In support of this claim we are referred to the case of Mayor v. Brady (which was presented three times upon appeal) 70 Hun, 250, 24 N. Y. Supp. 296, 77 Hun, 241, 28 N. Y. Supp. 324, and 81 Hun, 440, 30 N. Y. Supp. 1121, and Village of Port Jervis v. First Nat. Bank, 96 N. Y. 550.   In the former case (Mayor v. Brady) the action was against the sureties upon the contractor's bond, and upon the trial a judgment in a suit brought by one Cruikshank against the city was admitted in evidence, and was claimed to be conclusive upon the liability of the sureties.   Cruikshank had been injured by an obstruction of the sidewalk caused by the work, and recovered a judgment for damages because thereof against the city, which was paid; and the city thereafter brought an action against the sureties, who had engaged for the due performance of his contract by the contractor, to recover the amount which it had been compelled to pay by reason of the judgment.   To establish the liability of the sureties upon the trial, no other evidence was offered than the judgment in the Cruikshank action.   Upon appeal, the judgment in favor of the city was reversed, it being held that, "when notice has been given to defend, the judgment is evidence of the amount of the damages arising from the injury, but it does not establish which of the wrongdoers is primarily liable."   Upon the third trial, evidence aliunde the judgment having been introduced to show that the injuries suffered by Cruikshank were caused by the negligence of the contractor, and that a judgment in his favor had been paid, a recovery by the city was affirmed.   81 Hun, 440, 30 N. Y. Supp. 1121.   Village of Port Jervis v. First Nat. Bank, supra, was an action brought to recover the amount of a judgment which had been recovered against the village of Port Jervis for injuries caused by falling into an excavation left by defendant in a sidewalk in one of plaintiff's streets, adjacent to property owned by the defendant, on which it was erecting a bank building.   The defendant had a license from the plaintiff to make the excavations, but, as was alleged, neglected to surround it with proper guards or barriers.   Upon the trial it was shown that the defendant had notice of the action brought against the plaintiff, and the judgment was introduced in evidence, and relied upon as establishing the liability of the defendant; and upon appeal the question of the effect of the judgment so obtained was considered.   It was therein said, referring to the position of an indemnitor:

"If he has notice of the pendency of the action, and of the intention of the defendant therein to look to him for indemnity in case of a recovery, and is not denied an opportunity to defend, he is bound by the result of such action."

And again:

"We cannot doubt that, within the authority cited, the evidence in this case was sufficient to authorize the jury to find that the defendant had notice of the pendency of the original action, and an opportunity to defend it, if he had so desired. This being the case, it was barred by the result of that action, and the judgment roll therein was conclusive evidence in this case of all facts litigated on the trial of that action."

These quotations are sufficient, in the light of the Brady Case, to show that the contention of the appellants is untenable. For, while here the bridge company has notice of the pendency of an action brought upon four separate causes of action, it is not placed in a position where it can defend, because it is not affected by all the causes of action, and therefore should not be obtruded in a contest between the plaintiff and the defendant in respect to matters with which it has no concern. Moreover, as to the two causes of action as to which it has an interest, the question to be litigated will be the liability of the city by reason of its acts; and a judgment against the latter would not be conclusive upon the liability of the bridge company, because in an action brought against the bridge company a question entirely different from that which will be litigated in this action will be presented, and similar to the one which was presented in the Brady Case,—as to which of the wrongdoers, as between themselves, was primarily liable for the injuries.

In directing, as the learned judge below did, that notice should be given to the bridge company of all proceedings, and that it should be allowed to appear and take part in the trial of the action, there was accorded all the relief to which the appellants were justly entitled; and the order being, therefore, right, it should be affirmed, with costs. All concur.