**SUREN v. OCEANIC S. S. CO.**

**No. 7894.**

Circuit Court of Appeals, Ninth Circuit.

Aug. 17, 1936.

Rehearing Denied Sept. 23, 1936.

C. H. Fish, of San Francisco, Cal., for appellant.

Herman Phleger, Maurice E. Harrison, Howard J. Finn, Gregory A. Harrison, and Moses Lasky, all of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

PER CURIAM.

The libel herein was filed November 16, 1934, under the general maritime law to recover damages for personal injuries sustained by the libelant on June 24, 1932, when he was a seaman aboard the steamship Monterey, due to the falling of a port hole frame upon the hand and wrist of the appellant. The appellant alleged that the injury resulted from the unseaworthiness of the ship, in that the eyebolt designed to hold the port hole frame was worn and weakened and carried away in consequence.

In order to avoid the claim of laches due to the delay of over two years in filing the libel, which appeared upon the face of the libel, the libelant alleged in his first amended libel that on June 20, 1934, he filed a prior libel, No. 21794-K, against the appellee Oceanic Steamship Company in the District Court of the United States for the Northern District of California, to recover for the same injuries. He alleges in the amended libel that "said cause [No. 21794-K] as to this respondent herein [Oceanic Steamship Company] upon technical grounds was dismissed without adjudication or determination finally upon the merits." But by an amendment to the libel herein libelant further alleges with reference to the prior action that motions were made therein "to quash service and dismiss said amended and supplemental libel which said motions were granted and orders duly entered by the court but which said order of dismissal was not made with prejudice * * *."

Appellee excepted to the libel herein upon the ground of laches and of the bar of the statute of limitations, and also upon the ground that it appeared on the face of the amended libel that the matter was res judicata, and also that the libel was uncertain, as follows:

"Said first amended libel as amended is insufficient in the certainty of its allegations in that

"(a) It does not appear therein nor can it be ascertained therefrom what were the terms of the dismissal entered in the prior suit mentioned therein;

"(b) The wording of said dismissal does not appear therein nor can it be ascertained therefrom;

"(c) The ground of the exceptions filed in said suit does not appear therein nor can it be ascertained therefrom;

"(d) The ground of said dismissal does not appear therein nor can it be ascertained therefrom."

The court sustained the exceptions without leave to amend and entered the decree of dismissal with prejudice.

■ The libel was uncertain and evasive on the question of what was adjudged in the prior action. The statement that the prior action was dismissed on technical grounds is an allegation of a conclusion of law.

■ The allegation, in the amendment to the libel above quoted, that the motion to dismiss the prior action was granted, but "that said order of dismissal was not made with prejudice," also states a conclusion of law, namely, as to what constitutes a dismissal with prejudice. The exceptions for uncertainty were properly sustained by the trial court (Supreme Court Admiralty Rule 27, 28 U.S.C.A. following section 723), and justified a decree in favor of appellee in the absence of an amendment of the libel correcting this uncertainty. No doubt the trial judge would have given leave to amend to correct this uncertainty if request therefor had been made, and if it appeared that the prior decree was in fact one which did not decide the first action on the merits. In considering the right of the libelant to amend, the trial court was entitled to take judicial notice of its records in the previous action, No. 21794-K. Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; Wilson v. Calculagraph Co. (C.C.A.) 153 F. 961.

■■ The indefiniteness of these allegations of the libel as to the result of the prior action, and the effect of the decree therein, is illustrated by the fact that the argument of the appellant is directed almost entirely to the contention that the prior decree determined nothing and the argument of the appellee that it is conclusive on the rights of the appellant. This argument indicates that the trial judge properly sustained this exception. We are reluctant, however, to decide the rights of the parties upon a mere technical defect in a pleading which can be corrected by amendment. We have authority to allow such an amendment in an appeal in an admiralty case. Supreme Court Admiralty Rule 23, 28 U.S.C.A. following section 723 (old No. 24); The Chas. Morgan et al. v. Kouns, 115 U.S. 69, 5 S.Ct. 1172, 29 L.Ed. 316; The Marianna Flora, 11 Wheat. (24 U.S.) 1, 6 L.Ed. 405; The Blairmore I (C.C.A.) 10 F.(2d) 35; Munson S. S. Line v. Glasgow Nav. Co. (C.C.A.) 235 F. 64. The appellee states in its brief

that the decree in the prior action was upon the merits. In view of this contention we have directed the appellant to supply us with a copy of the record in the prior action. This has been done, and it appears therefrom that the judgment therein was upon the merits. For that reason leave to amend the appellant's libel would be unavailing.

The decree of the trial court is affirmed on the ground that the exceptions to the libel were properly sustained, and leave to amend was properly denied.

HANEY, Circuit Judge (concurring).

I concur in the result, but cannot subscribe to the application of the doctrine of res judicata to the facts herein, for two reasons: (1) In considering a defense raised by demurrer, the court may consider only the facts pleaded,[1] and the same rule is applicable here because exceptions in admiralty raise the defenses ordinarily raised by demurrer; (2) even if facts are considered in connection with a demurrer other than those pleaded, such facts show affirmatively that this proceeding is not barred by res judicata.

With respect to the first proposition, the defense of res judicata may be raised by demurrer,[2] and therefore may be raised in admiralty by exceptions. The remainder of the proposition is self-explanatory when it is said that the libel in the instant case alleges that the decree in the former action "was not made with prejudice" and "without adjudication or determination finally upon the merits," because a judgment in the prior action, unless rendered on the merits, is not res judicata. 34 C.J. 774, § 1193.

With respect to the second reason why the doctrine of res judicata cannot be here applied, the majority, after inspecting copies of the libel, exceptions, and the decree in the former action, affirm the decree in this proceeding, on the ground that "it appears therefrom that the judgment therein was upon the merits."

I doubt if this court can properly consider these documents; they are no part of the record before us, nor were they submitted as evidence; however, I think that if we are to notice a portion of the rec-

[1] National Casket Co. v. Stolts (C.C.A.2) 174 F. 413; Rose v. Hawley, 133 N.Y. 315, 31 N.E. 236; Samples v. United Fuel Gas Co., 100 W.Va. 441, 130 S.E. 670, 672.

[2] Hewitt v. Great Western Beet Sugar Co. (C.C.A.9) 230 F. 394, 398; Cuff v. U. S. (C.C.A.9) 64 F.(2d) 624, 627.

ord in the former case, we should examine the entire record; this I have done.

· The original libel under the Jones Act (46 U.S.C.A. § 688) named two respondents, i. e., Matson Navigation Company, and John Doe Co., a corporation. Service was obtained on the Oceanic Steamship Company, a corporation, although it had not been substituted as a party respondent in the libel. Motion to set aside the service against the Oceanic Steamship Company was granted. The motion was made on the ground that the latter company "is not a party to said suit." At the same time the motion was granted, appellant obtained leave to amend and file a supplemental libel. Appellant thereupon substituted the latter company as a respondent in the place of John Doe Co.

Thereafter, the Oceanic Steamship Company filed exceptions on two grounds: (1) The stated facts were insufficient to constitute a cause of action. (2) "It appears upon the face of said libel that the suit is barred by limitations and laches, in that it was not instituted against this respondent within one year or within two years after the injury is alleged to have occurred." Briefs were submitted to the court by the parties, in which the sole point discussed was whether or not "the amendment to a pleading relates back to the time the original pleading was filed." The point was crucial, because the amendment was made after the statute of limitations had run.

The court sustained the exceptions "without leave to the libelant to amend," as stated in the decree, and ordered " * * * that said libel be, and the same hereby is, dismissed as to the Respondent The Oceanic Steamship Company and that a decree be entered in favor of the Respondent The Oceanic Steamship Company and against the Libellant, without costs to either party."

When the sole point raised in the briefs is considered, together with the fact that had the exceptions been sustained on the first ground, leave to amend would have been given under Supreme Court Admiralty Rule 23, it is quite apparent that the libel was dismissed because the statute of limitations had run at the time the amended and supplemental libel was filed.

The adjudication, was, therefore, on the merits. U. S. v. Oregon Lumber Co., 260 U.S. 290, 43 S.Ct. 100, 67 L.Ed. 261, 299. But what does it bar? It bars another action under the Jones Act, but not a different remedy. In U. S. v. Oregon Lumber Co., supra, a case parallel to the instant one, the defense of res judicata was not raised, and the reason therefor is shown by the following quotation from the dissenting opinion, page 303 of 260 U.S., at page 104 of 43 S.Ct.: "The thing adjudged in the equity case was solely that the fraud had been discovered by the government more than 6 years before the commencement of the suit, and that, for this reason, the patent could not be annulled. There was no adjudication of the government's substantive right. And since it had two remedies to protect that right, and the fact found is not a bar to an action at law, no suggestion is made that the decree of dismissal bars this action as res judicata."

The statute of limitations operates on and bars the remedy, not the right. The decree in the prior case would be res judicata to the same cause of action, when relief was sought by the same remedy, but is not res judicata to the same cause of action when relief is sought by a different remedy, because the substantive right was not adjudicated.

From these facts I believe it apparent that the decision of the majority is placed on an erroneous ground. I believe, however, that the decision must be affirmed on the ground that appellant is estopped because of his election of remedies.

The Jones Act provides that "any seaman who shall suffer personal injury in the course of his employment may, *at his election,* maintain an action for damages at law." (Italics ours.) 46 U.S.C.A. § 688.

In Pacific S. S. Co. v. Peterson, 278 U. S. 130, 138, 49 S.Ct. 75, 77, 73 L.Ed. 220, it is said: "The right to recover compensatory damages under the new rule [Jones Act] for injuries caused by negligence is, however, an alternative of the right to recover indemnity under the old rules on the ground that the injuries were occasioned by unseaworthiness; and it is between these two *inconsistent remedies* for an injury, both grounded on tort, that we think an election is to be made under the maritime law as modified by the statute." (Italics ours.)

Thus libelant had two inconsistent remedies, and was required to make an election. 20 C.J. 5, § 6. This is also strengthened by the language of the act itself. If libelant has "made an irrevocable election," he "is now estopped from maintaining the present inconsistent action." United States v. Oregon Lumber Co., 260 U.S. 290, 301, 43 S.Ct. 100, 103, 67 L.Ed. 261.

In Robb v. Vos, 155 U.S. 13, 43, 15 S.Ct. 4, 14, 39 L.Ed. 52, it is said "that any decisive act by a party, with knowledge of his rights and of the facts, determines his election."

Libelant, after being apprised of the statute of limitations by the exceptions first filed, and of the facts upon which that plea was founded, and after the exceptions were sustained, deliberately chose to proceed with his action under the Jones Act. "If the election was not final before, it became final and irrevocable then." United States v. Oregon Lumber Co., supra, 260 U.S. 290, at page 297, 43 S.Ct. 100, 102, 67 L.Ed. 261.